SOLOMON G. ALBERS *vs.* GEORGE WILKINSON.—*December,* 1834.

In an action against W and H as joint obligors of a single bill, signed and sealed in a partnership name, H who had suffered a judgment by default, upon the plea of *non est factum* by W, was offered as a witness by the plaintiff, to prove the execution of the single bill by H, in the presence of and with the consent of W, and also to prove another single bill in the hand-writing of W, and to which he had affixed the partnership name,— HELD, that H was not a competent witness, being interested in fixing W's liability.

One partner has no right to bind his co-partner by deed or specialty, without his consent or authority, derived from him for that purpose.

APPEAL from *Calvert* county court.

*Debt* on a single bill for $649 87, dated August 12th, 1830, at sixty days, signed, *Wilkinson and Holland,* and payable to the appellant, who instituted the present action upon it, against both the obligors, on the 11th of October, 1831. Upon the facts as stated by the judge who delivered the opinion of this court, the county court (DORSEY, Ch. J., and KILGOUR, and WILKINSON, A. J's.) rejected the plaintiff's evidence, and the verdict and judgment being for the defendant, the plaintiff appealed to the court of Appeals.

The cause came on to be argued before BUCHANAN, Ch. J., and STEPHEN, and CHAMBERS, J's.

*McMahon,* for the appellant.

The nature of the question propounded to *Holland,* was not such as to render him incompetent. The object was to prove that in making the bill, he acted as the agent of the defendant, and for that purpose he was unquestionably competent, though the effect was to change a seeming single liability into a joint one. A bond given by one partner in the name of the firm, and with its authority, is the deed of all the members. *Ball vs. Dunsterville,* 4 *Durnf. and East.* 313.

It is very clear, that a defendant upon the record cannot be made a witness *against* his consent; but if he consent, a co-defendant cannot object. Suppose the case of a single plaintiff and defendant, may not the plaintiff examine the defendant as a witness, if he, the defendant, consent to be so examined; and if this be so, why should the association of another defendant with him make a difference. In both cases the witness would be swearing in opposition to his interest. And in this case, the judgment by default against the witness creates no difficulty, because in an action for contribution, the record would not be evidence. 1 *Strange,* 35. 5 *Gill and Johns.* 134. 2 *Stark. Ev.* 782.

*Brewer,* for the appellee.

1. The witness was an acknowledged obligor, and consequently liable for the whole debt; whilst by establishing the instrument as the deed of the appellee, he secures the right of resorting to him for contribution. Independently of this objection to the competency of *Holland,* the effect of his evidence was to charge the partnership funds, as well as the private funds of *Wilkinson.*

2. In civil cases the rule is general, that a co-defendant upon the record, is an incompetent witness for the plaintiff. This is the case before his responsibility is fixed by a judgment, *a fortiori,* when there is a judgment against the party offered as a witness; as then, the only effect of his testifying for the plaintiff, is to divide a liability which the judgment renders him individually bound to pay. There is no case in which a defendant upon the record, has been admitted against another defendant. *Bel. N. P.* 285. 2 *Campb.* 333, *note.* 4 *Taunt.* 752. 8 *Ib.* 139, 140, 141. 2 *Stark. Ev.* 766. 4 *Maul. and Selw.* 475.

STEPHEN, J., delivered the opinion of the court.

In this case a suit was brought on a single bill, signed *Wilkinson and Holland,* against both of the obligors, who at the time the instrument of writing was executed, were

partners in trade.    In the prosecution of the suit, judgment
was obtained against *Holland* by default.    *Wilkinson* plead-
ed to issue, and defended himself upon the ground, that the
specialty upon which the suit was brought, was not his deed.
The single bill being executed by *Holland* alone, and the
principle of law being, that one partner, as such, has no
right to bind his co-partner by deed or specialty, without
his consent, or authority derived from him for that purpose.
*Holland* was offered as a witness by the plaintiff, to prove
the execution of the single bill by him, in the presence of,
and with the consent, and at the request of the defendant;
and also to prove a single bill in the hand writing of the
defendant, executed in the name of the firm of *Wilkinson
and Holland,* payable to a certain *John W. Keirle and Son,*
as evidence of the usage and custom of the firm, to execute
and make such single bills.    To the competency of which
witness for the purposes aforesaid, the defendant's counsel
objected; the court sustained the objection, and refused to
permit the testimony of the witness to be given to the jury.
The plaintiff excepted to this opinion, and the question to
be decided by this court is, whether the county court were
right in their rejection of the said witness.

Upon a careful examination of the authorities, we have
not been able to discover any case or principle which con-
flicts with the decision of the court below, or impugns the
soundness or accuracy of their decision; on the contrary,
all the writers upon the doctrine of evidence, as far as they
have been consulted, seem to hold but one language upon
the subject, and that in perfect accordance with the opinion
of the county court.    In *Norris' Peake,* 225, the principle
is stated to be, that "a defendant who suffered judgment by
default in an action of contract, is not a witness for the
plaintiff to charge the other defendant, he being interested
to make him liable for contribution.    The same principle
is sustained in *Philips' Evidence,* 62, and in 3 *Stark.* 1064.
In the cases of *Mant vs. Mainwaring,* 8 *Taunt.* 139, and
4 *Taunt.* 752, it was held, that "a co-defendant in *assump-*

*sit*, who had let judgment go by default, was not a competent witness for the plaintiff, for by means of his own testimony he would obtain contribution from the defendant who had pleaded." The principle, or rule of evidence, held by the court below in this case, seems to be sustained by the concurring sanction of all these learned writers upon that branch of the science of jurisprudence, and may therefore be considered as fully and sufficiently supported by authority.

In addition however, to the weight justly due to the opinions of these writers upon the law of evidence, we find that their views upon the subject have derived countenance and support, from decisions of the courts of justice, as well in *England,* as in this country. In 4 *Taunt.* 752, an action was brought upon a joint contract against two; one of the defendants suffered judgment to be obtained against him by default; the other defendant defended himself, upon the ground that he had never assented, and of course was not bound. To prove his assent, the plaintiff proposed to call as a witness, the defendant who had suffered judgment by default. His admissibility was objected to by the adverse party, and the court sustained the objection. The court in delivering their opinion say, "it appears this witness was interested in the event of the suit, and interested certainly, in respect of that very evidence which he was called to give, because he came to prove, that the other defendant was equally liable with himself, which would give him a right of contribution from *Jubb,* if the plaintiff succeeded ; but if the action failed against *Jubb,* then the consequence would be, that *William Brown* alone, would be responsible to the plaintiff for the whole of his demand." So in 2 *Campb. N. P. Rep.* 333, a case is referred to in a note, where a defendant in trespass, who had suffered a judgment to go against him by default, was called by the plaintiff for the purpose of proving the trespass against the other defendants, and it was held by *Le Blanc,* Justice, that the witness was inadmissible. The principle therefore

seems to be well settled according to the *English* authorities, that a co-defendant who suffers a judgment by default, is not a competent witness for the plaintiff, either in an action founded upon *tort* or contract, to prove the liability of another defendant in the same suit. The ground or foundation of his interest is, that by charging the other defendants in the action, he puts it into the power of the plaintiff to recover the whole of his claim against the other defendant if he thinks proper, and thereby diminishes his own responsibility, which in such event would only be to contribute his proportion. The rule is, that if there is a direct interest in the event of the suit, it will make the witness incompetent, however small and inconsiderable the degree of interest may be. 1 *Philips' Ev.* 53.

In 16 *Johns. Rep.* 89, the case was,—an action was brought against one part owner for repairs done to a vessel, who neglected to plead the non-joinder of the others in abatement; another part owner was called to prove the ownership of the defendant. The witness confessed on his *voir dire,* that he was a part owner of the vessel. In that case *Spencer,* Justice, who delivered the opinion of the court, says: "The witness was undoubtedly interested to render the burthen upon himself as light as possible, and to throw it on the defendant, in part. It is true the witness was liable to contribution, but the defendant could never controvert afterwards with the witness, in case he sued him for contribution, that he was not a part owner of the vessel. He could not take the ground, that a verdict had been recovered against him by the present plaintiff wrongfully. The very basis of a suit to be brought by him for contribution, must be that he was a part owner. Upon any other principle he would be remediless. The recovery in this case would be evidence of the amount he was compelled to pay. The witness being confessedly, by his own admissions on the *voir dire,* a part owner, would be answerable in contribution, and his interest in making the defendant below an owner was promoted, by increasing the num-

ber of those chargeable, and thereby mitigating his own loss. I have met with no case directly in point. My opinion proceeds on the principle, that whenever a fact is to be proved by a witness, and such fact be favorable to the party who calls him, and the witness will derive a certain advantage from establishing the fact in the way proposed, he cannot be heard, whether the benefit be great or small."

In the case before this court, the witness, having suffered a judgment by default, was liable for the whole debt, and we think, the interest which he derived from rendering his co-defendant liable with himself, was sufficient to render him incompetent.

**JUDGMENT AFFIRMED.**