W. A. MOALE *vs.* J. S. HOLLINS.—*December* 1839.

The substitution of a debtor's obligation of a higher nature, for a debt due by him of inferior degree, extinguishes the original liability; and the same effect takes place, when the substituted higher obligation is executed by one of two partners, or other persons jointly bound.

And a judgment obtained upon the original obligation, against all or either of the debtors, will produce a similar result.

Where the ostensible partner had given notes in the partnership name, for merchandize purchased for the uses of the partnership, upon which the payee in ignorance of the partnership sued and recovered judgment against the former alone, it was *held*, in an action afterwards brought against the dormant partner, that the liability of the latter upon the notes, was extinguished by the judgment.

*Quere*—Whether in an action against a firm, where one of the defendants is a dormant partner, and the business has been transacted solely in the name of the ostensible partner, it is incumbent on the plaintiff to prove, that the contract sued on, was entered into on account of the partnership.

APPEAL from *Baltimore* County Court.

This was an action of *Assumpsit*, commenced on the 14th November 1836, by the appellant against the appellee. The plaintiff declared for goods sold, &c., upon the money counts, and upon an insimul computasset. The defendant pleaded non-assumpsit, on which plea issue was joined.

The case was submitted to the county court upon the following statement of facts:

It is admitted in this cause that *Robert S. Hollins* and *John S. Hollins* the defendant, were partners in the business of manufacturers of cotton goods, and that they carried on their said business in the name solely of *Robert S. Hollins;* that while the said *John* and *Robert* were partners as aforesaid, but which fact of partnership was unknown to said *William A. Moale*, and did not become known to him until the 1st of July 1834, the said *Robert* purchased for the business purposes, and uses in fact, of said partnership, but without disclosing that fact, a quantity of cotton, for the sum of $3,161.97, which cotton was delivered to said *Robert*, and used in the business aforesaid, and that said cotton was sold on a credit of six months; and that said *Robert* accordingly made and delivered

to said plaintiff for said purchase, his (said *Robert's*) three promissory notes—one dated the 11th of May 1833, payable six months after date, for $330.21, and two others dated the 12th July, in the year 1833, payable six months after date, each for 1,415.88. It is further admitted that, said notes not being paid, the plaintiff still being ignorant of the fact of a partnership as aforesaid, instituted suit against said *Robert S. Hollins* upon said notes, in *Baltimore* county court, on the 2nd April, in the year 1834, and recovered judgment thereon against said *Robert*, on the 2nd December 1834, subject to the release of said *Robert* under the insolvent laws of *Maryland*, for the benefit of which said *Robert* had, after the institution of suit aforesaid, applied, and that said judgment remains unsatisfied. It is agreed that, if the court shall be of opinion that on the above facts the plaintiff is entitled to recover, judgment shall be rendered in his favor for the damages in the declaration, to be released on payment of, &c.; and if the court shall be of opinion that the plaintiff is not entitled to recover, then judgment shall be rendered for the defendant. It is agreed that either party may appeal from the judgment of the court in the premises.

The county court rendered judgment for the defendant, and the plaintiff thereupon prosecuted this appeal.

The cause was argued before BUCHANAN, C. J., STEPHEN, DORSEY, CHAMBERS, and SPENCE, J.

By NELSON and MAYER for the appellant, who cited *Sheehy vs. Mandeville & Jamison*, 6 *Cranch*, 264. *Drake vs. Mitchell*, 3 *East*. 251. *Williams vs. Hodgson*, 2 *Harr. and John*. 474. *Tom vs. Goodrich*, 2 *John. Rep*. 213. 15 *East*. 62. *Patapsco Insurance Co. vs. Smith, et al.*, 6 *Harr. & John*. 166. *Rice vs. Shute*, 5 *Burr*. 2611. *Robertson vs. Smith*, 18 *Johns. Rep*. 459, 480. 1 *Johns. Rep*. 291. *Act of* 1833, ch. 276.

J. S. NICHOLAS for the appellee, cited *Collyer on Partnership*, 212. *Williams vs. Hodgson*, 4 *Harr. & John*. 477.

*Willings & Francis vs. Consequa*, 1 *Pet. Ch. Rep.* 301. *Robertson vs. Smith*, 18 *John.* 459. *Penny vs. Martin*, 4 *John. Ch. Rep.* 566. *Smith et al. vs. Black*, 9 *Serg. & Raw.* 143. *Act of* 1836, *ch.* 219, *repealing act of* 1833, *ch.* 276. *Hysinger vs. Baltzells*, 3 *Gill & John.* 162. *Lewis vs. Hoblitzell's Adm'r*, 6 *Gill & John.* 259.

DORSEY, J., delivered the opinion of this court.

There does not, in this case, arise any question, whether the contract, for the enforcement of which this action was instituted, was in its inception binding upon both the partners, it being explicitly admitted in the case stated, that the purchase was made for the business purposes "of the partnership, and that the article purchased was so applied." It is unnecessary for us therefore to examine the numerous authorities, which have been cited to show, that in a suit against a firm, where one of the defendants is a dormant partner, and the business has been transacted solely, in the name of the ostensible partner, it is incumbent on the plaintiff to prove, that the contract sought to be enforced, was entered into on account of the partnership. In truth there are but two questions which this court are called on to decide; the one, a matter of fact, to be disposed of by an inspection of the case stated; the other a question of law, as to the extinguishment of the original contract, by the rendition of the judgment against the ostensible partner, should the court find the facts to be as asserted by the appellee. The fact in dispute in this case is, whether the promissory notes given by *Robert S. Hollins*, and on which the judgment was rendered, were given by him as the notes of the firm, under the partnership signature, or were given as his individual notes, by way of collateral security for the payment of a partnership liability. A determination of this controversy, can only be made by an examination of the facts in the case stated. It states, that *Robert S. Hollins* and *John S. Hollins* the defendant, were partners in the business of manufacturers of cotton goods, and that they carried on their said business in the name solely of *Robert S. Hollins;* that while said *John* and *Robert*,

were partners as aforesaid, "the said *Robert* purchased for the business purposes and uses in fact of said partnership," a quantity of cotton for the sum of three thousand one hundred and sixty-one dollars and ninety-seven cents, which cotton was delivered to said *Robert,* and used in the business aforesaid, and that said cotton was sold on a credit of six months, and the said *Robert* accordingly made and delivered to said plaintiff for said purchase, his (said *Robert's*) three promissory notes amounting to the said sum of $3,161.97 payable six months after this date. The legal construction of these facts is, that the notes were given in the partnership name for a partnership debt. There is not a fact in the statement which could suggest for a moment, a different interpretation to the acts of the contracting parties. If in a suit on these notes against both partners, the facts in the case stated had been in evidence before the jury, it would have been competent for the court, if applied to for the purpose, to have directed the jury, that if they believed those facts, the plaintiff was entitled to recover. Thus determining, that there was no inference of any other fact left open for the finding of the jury.

Upon this assumption of the facts in the case, does the judgment recovered against the ostensible partner, interpose any obstacle to a recovery against the present defendant, is the question of law we are called on to consider? That the substitution of a debtor's obligation of a higher nature, for a debt due by him of inferior degree, works an extinguishment of his original liability, has not been, and upon authority could not be controverted. And that the same extinguishment takes place when the substituted obligation of a higher nature, is executed by one of two partners, or other persons jointly bound, is now well settled. See the cases of *Williams vs. Hodgson,* 2 *Harr. & John.* 474. *U. S. vs. Astley & others,* 3 *Wash. C. C. Rep.* 518, and *Tom vs. Goodrich,* 2 *Johns.* 213. If the reduction of a simple contract debt to a specialty in such cases, works its extinction, it is difficult to conceive a reason why a judgment obtained thereon, (a security of a still higher nature) should not produce the same result. 'Tis true the doctrine of

extinguishment or merger, when applied to matters of this sort, is purely technical, and may on some occasions be productive of inconvenience and injustice. But we sit here not to make or amend, but to expound, the law. Such as we find it we must declare it. We regard the case before us, therefore, not only as falling within the principle established in the cases above referred to; but as fully settled by decisions on the very point now at issue. See the cases of *Smith & al. vs. Black*, 9 *Serg. & Rawle*, 142. *Robertson vs. Smith*, 18 *Johns*. 459, and *Willings & Francis et al. vs. Consequa*, 1 *Peters' C. C. Rep.* 301. Concurring with the county court we affirm their judgment.

JUDGMENT AFFIRMED.