# William Barker *vs.* Jacob Ayers and others.

In *assumpsit* against two, as partners, and upon the joint plea of *non assumpsit*, one defendant is not a competent witness for the other to prove there was no partnership, and that the witness alone was responsible for the claim, but after withdrawing his plea and *confessing* judgment for the full amount of the claim, with interest and costs, he is no longer interested in the event of the suit, and his competency for the purpose mentioned is restored.

Under a declaration against two charging a joint liability and a joint plea, the plaintiff cannot recover without establishing the joint liability, and the most conclusive proof or unqualified admission of the liability of one defendant, will not entitle the plaintiff to a verdict and judgment against him alone.

A release upon a judgment by confession, necessarily coming from the plaintiff, clearly manifests his consent to the judgment.

Where there is a declaration against two charging a joint liability, and one defendant confesses judgment for the whole claim, he cannot, since the act of 1825, ch. 117, raise in this court the objection that there should have been a *joint* verdict and judgment, or none.

The fact that the witness is a party to the record does not disqualify him, provided he has *no interest* in the result of the suit; the reason of the rule which excludes a party to the suit from being a witness is *his interest* in the result, either as to the claim or costs.

Where the suit is *ended* as to one of several defendants, and he has no direct interest in its result as to the others, he is a competent witness for them.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit* by the appellees against the appellant and John Barker, as partners, for goods sold and delivered. The *nar* charged a *joint* liability against the appellant and said John Barker, and the record was amended by agreement, so as to show a *joint* plea of *non assumpsit* by them. In the course of the trial two exceptions were taken by the appellant to the rulings of the court below, (FRICK, J.,) both of which are fully stated in the opinion of this court. The record was further amended by agreement, so as to make William Barker the only appellant.

The cause was argued before LE GRAND, C. J., ECCLE-STON, MASON and TUCK, J.

*F. K. Howard* and *S. T. Wallis* for the appellant.

The only question in this case is, whether John Barker was, under the circumstances, a competent witness for the appellant? The case of *Albers vs. Wilkinson,* 6 *G. & J.,* 362, was the case of a judgment *by default* against the party offered as a witness, and is not like the present, where the judgment was by *confession.* The case of *Selby, et al., vs. Clayton,* 7 *Gill,* 240, and *Owings vs. Emery and Gault,* 7 *Gill,* 405, only decide that a legal plaintiff is not a competent witness, because he is responsible for costs; neither of these cases is in point, because in them the party offered as a witness was *directly and immediately* interested in the event of the suit. In the case of *Lizardi vs. Cohen,* 3 *Gill,* 430, the court say, they will not look to the fact whether the witness is a *party to the record or not,* but that his competency will depend solely upon the question whether he is *interested or not* in the

result of the suit. The witness here waived the joinder of the appellant with him, and then said he did not object to the recovery against him in *this suit*, and confessed judgment for the amount claimed in the *nar*, with interest and costs, which judgment the plaintiffs accepted by entering up a release thereon. After this was done, what *interest* had the witness in the result of the suit against the appellant? He could not be placed in a worse position, and his testimony was rather adverse to his own interest, which would have been to establish the partnership so as to compel the appellant to contribute. That the fact that the witness is a party to the record does not of itself disqualify him, see 7 *Bing.*, 395, *Worrall vs. Jones.* 2 *H. & G.*, 98, *Robertson vs. Mills.* 2 *G. & J.*, 132, *Glenn vs. Von Kapff.* 4 *Gill*, 213, *Crawford vs. Brooke.* *Chitty on Pl.*, 44. 1 *Ohio State Rep.*, 318, *Preble Co. Bank, vs. Russell.* 1 *Greenlf. on Ev.*, secs. 355, 356. 4 *Scammon*, 309, *Brooks vs. McKinney.* 9 *Barr.*, 21, *Talmage vs. Burlingame.* *Do.*, 112, *Mevey vs. Matthews.*

As to the question of summons and severance, the case is different from that of *Price and Martin, vs. Thomas and George*, 4 *Md. Rep.*, 514. Instead of a *joint* judgment, as in that case, there were here *separate* judgments against each defendant, rendered upon different days, and the appeal is taken by the appellant from the separate judgment against him. Whether the separate judgment against John Barker was properly entered was for the court below to decide, and no question having been raised upon it there none can be here.

*Wm. Pinkney Whyte* for the appellees.

The suit was against both the Barkers, and they jointly pleaded *non assumpsit*. No matter how small the interest of the party in the result of the suit may be, it disqualifies him as a witness. 16 *Johns.*, 89, *Marquand vs. Webb.* The same doctrine is sustained in *Albers vs. Wilkinson*, 6 *G. & J.*, 362, and in *Jordan vs. Trumbo*, 6 *G. & J.*, 105. In the case of *Owings vs. Emery and Gault*, 7 *Gill*, 405, the witness was excluded expressly because he was a *party to the record.* So

in *Selby, et al., vs. Clayton,* 7 *Gill,* 240. See also 1 *Barr.,* 440, *Wolf vs. Finks.* The case of *Worrall vs. Jones,* 7 *Bing.,* 395, was a suit upon a bond, and the principal confessed judgment and had no interest in the suit against the other party, whereas here there was a partnership, and the partner was interested in defeating the suit.

But again, the *nar* charges the defendants as partners, and they enter a *joint* plea, and in such a case there must be a *joint verdict and judgment,* or none at all. In cases of a joint contract, where judgment by default is entered against one defendant, and a verdict is afterwards rendered against the other, no judgment can be rendered upon it. 1 *Greenlf. on Ev., sec.* 356, *and notes.* 10 *Pick,* 281, *Tuttle vs. Cooper.* John Barker, therefore, notwithstanding his confession of judgment against himself, could, if a verdict had been rendered in favor of the appellant, upon appeal, have reversed that judgment, and it was his interest therefore to prove there was no partnership. See also 1 *Chitty's Pl.,* 44. 2 *Starkie on Ev.,* 83. 1 *Philips' Ev.,* 53. A judgment by default against one defendant will not make him a competent witness for the other. 9 *Barr.,* 21, *Talmage vs. Burlingame.* 6 *G. & J.,* 358, *Albers vs. Wilkinson.*

But the appeal should be dismissed, because taken by one without summon and severance, when the judgment was against both. 4 *Md. Rep.,* 514, *Price and Martin, vs. Thomas and George.*

Eccleston, J., delivered the opinion of this court.

The question arising on the first bill of exceptions is, whether John Barker, one of the defendants, could be examined as a witness at the instance of the other defendant, for the purpose of proving there was no partnership between them, so far as related to the claim in controversy, and that he, John Barker, alone was responsible?

When this offer was first made to examine the party as a witness, no judgment had been confessed by him, but the issue then being tried before the jury was upon the joint plea

of *non assumpsit*, the *nar* having charged the defendants as partners, and jointly liable for the claim of the plaintiffs.

The bill of exceptions states the offer as intended, "to prove by the defendant, John Barker, who was willing to be examined in that behalf, that the said William was not a partner with him in the Curtis Creek business; that the goods now sued for were furnished to the witness on his individual credit and for his individual business, and that the witness did not resist the right of the plaintiffs to recover against him."

The record did not set out the plea, but this defect has been cured by an agreement stating it to have been a joint plea of *non assumpsit*.

Under such a declaration and plea, the plaintiffs could not recover without establishing the joint liability of the defendants. The most conclusive proof, or unqualified admission, of the liability of one defendant, could not entitle the plaintiffs to a verdict and judgment against him alone. 1 *Chitty on Pl.*, 44. *Tuttle vs. Cooper*, 10 *Pick.*, 281. As the testimony, if believed by the jury, must have released the witness from responsibility, his interest rendered him incompetent.

In the further progress of the cause, the record shows that John Barker withdrew his plea, and then a judgment by confession was entered against him for "$1200, damages in *nar* and costs, to be released on payment of $552 71, with interest from 11th day of June 1852, and costs." The sum mentioned in the release being the full amount of the plaintiffs' claim.

Subsequent to the entry of this judgment, John was again called by William to testify in his behalf, but being objected to on the ground of incompetency, the court again sustained the objection, and this decision constitutes the basis of the second bill of exceptions.

Whether the plaintiffs could or could not have successfully objected to the entry of this judgment, and insisted upon a judgment against both defendants, or else that the case should

have proceeded against both until the verdict, is not now a question before us. A release upon a judgment by confession, necessarily coming from the plaintiff, manifests clearly his consent to the judgment.

In the subsequent proceedings John Barker could have no interest whatever, inducing him to prove that William was not answerable for the claim. The interest was in the opposite direction. The judgment fixed John's responsibility for the full amount. He would not be bound even for any further accumulation of costs, in the controversy between the plaintiffs and William. If then a verdict against William could not increase the amount of John's liability, what possible interest, in legal contemplation, could he have in so testifying as to produce a different verdict? It will readily appear how his interest might disqualify him from being a witness for the plaintiffs to prove the partnership, because in the event of a judgment against the other party, if the plaintiffs should compel that party to pay one half of the claim, the witness would be relieved to that extent.

But it has been said, so inflexible is the rule which requires there should be either a joint verdict and judgment, or no judgment, under such a *nar* as the present, charging the defendants as partners, that notwithstanding the judgment by confession, if a verdict had been rendered in favor of the other defendant, John Barker might have reversed the judgment against him, upon appeal. And if so, he was interested in establishing the fact that there was no partnership. This however is not our view of the subject. In *Morgan vs. Briscoe and Clarke*, 4 *Md. Rep.*, 271, the court decided, that where a judgment has been confessed, and, of course, where there is no motion in arrest of judgment, since the act of 1825, ch. 117, there can be no reversal, although there may be no declaration. That statute was certainly designed to prevent any mere technical errors in the proceedings from being taken advantage of in the appellate tribunal, which may not appear to have been relied upon below. And the supposed state of facts, which it is said would authorize a reversal, do not pre-

sent very strong equitable grounds for inducing the court so
to construe the act as to permit a reversal under such circum-
stances.   The circumstances being; a *nar* against two defend-
ants charging a joint liability, a joint plea filed, but subse-
quently withdrawn by one, who then confesses judgment for
the claim, is examined, with his consent, by the other, and
proves himself solely responsible, which testimony induces
the jury to find a verdict in favor of the other defendant;
and then, upon appeal, the defendant in the confessed judg-
ment asks to have it reversed, because the joint claim was
not established by a joint judgment.

From the remarks of *Mr. Greenleaf*, in *sec.* 356 in the 1*st*
*Vol.* of his work on *Evidence*, and from the language of the
court, in *Talmage vs. Burlingame*, 9 *Barr.*, 21, and in *Albers
vs. Wilkinson*, 6 *G. & J.*, 358, it has been supposed that a
judgment by default against one defendant, will not authorize
his examination as a witness in favor of the other, because
he is still to be considered incompetent on the ground of in-
terest.   And this has been urged as sustaining the refusal to
admit the testimony in the present instance.   But there is a
material distinction between a judgment by default, and a
judgment like the one before us.   The former only decides or
settles the liability of the party without ascertaining the ex-
tent of it, in a case like the present.   And we think that,
without deciding whether a judgment by default would have
authorized the admission of the testimony, there is a differ-
ence between the two judgments, quite sufficient to justify us
in holding the one by confession, as fully removing the objec-
tion to the competency of the witness, even if that by default
might not have a similar effect.

In *Preble County Bank, vs. Russell*, 1 *McCook's Ohio
State Rep.*, 313, a judgment by confession was held so effec-
tual in removing the disability of a co-defendant as a witness,
that his testimony in behalf of the other defendant was admit-
ted.   There the judgment was before the jury had been sworn
and here it was after.   But we do not perceive how this diff-
erence can render testimony inadmissible in *this*, which was

not so in *that* case. Many authorities on the subject are there referred to. And the court come to the conclusion, that according to the later English decisions, the ground of excluding a party as a witness arises alone from his interest in the event. In 1 *Greenlf. on Ev., sec.* 355, it is said: "The general doctrine is, that where the suit is ended as to one of several defendants, and he has no direct interest in its event as to the others, he is a competent witness for them, his own fate being at all events certain." And in *Pipe vs. Steele*, 2 *Adol. & Ellis, N. S.*, in 42 *Eng. Com. Law Rep.*, 889, *Lord Denmon, C. J.*, said: "The objection that he is a party to the record, which prevailed in *Brown vs. Brown*, and *Mant vs. Mainwaring*, has been deliberately overruled in *Worrall vs. Jones*, a case of great authority, in which the *Lord Chief Justice Tindal* gave the unanimous judgment of the Common Pleas, that a party to the record may be examined as a witness, provided he be disinterested."

The general rule of evidence, which excludes a party on the record from being a witness, has been much relied upon in argument; and it is insisted, that no decision in our State is to be found, which so far qualifies or restricts this rule, as to justify a reversal in this case on account of the refusal to admit the proof offered. There can be no doubt that the authorities establish it as a general proposition, that a party to the suit is not a competent witness; but it is equally true, they declare the reason of the rule to be, that he has an interest either in the object of the suit or in the costs. As, therefore, the law is said to be founded in reason, and what is not reason is not law, it would seem to follow, necessarily, that when the reason of a legal rule ceases to exist the rule does not apply. That the mere fact of being a party does not render him incompetent to testify, is most unequivocally announced in *Lizardi, et al., vs. Cohen, et al.*, 3 *Gill*, 430, and the reason for excluding him is, as explicitly stated to be, his interest in the result, either in regard to the claim or the costs. On page 435, the opinion of *Judge Washington*, in *Willings and Francis, vs. Consequa, Peters C. C. R.*, 307, is referred to,

in which he speaks of a party being excluded as a witness, and states that the interest he has in the event of the suit, as to costs and the subject in dispute, "lies at the foundation of the rule, and when that interest is removed the objection ceases to exist." The court also refer to the decision pronounced by *Chief Justice Tindal,* in *Worrall vs. Jones,* 7 *Bing.,* 395, as maintaining the true and sound doctrine on this subject. The opinions of several other distinguished jurists are noticed, and the court say: "When it appears that the party proposed to be examined is not responsible for the costs of the suit, and has no interest in the subject in dispute, and is *willing* to be sworn, he is not within the operation of the general rule."

When John Barker was called the second time as a witness he had no interest in the cause, which could be beneficially promoted by the testimony proposed to be given, and therefore we think he was a competent witness. How far the circumstances disclosed might or might not affect his credibility before the jury we have nothing to say, because it is no part of our duty.

Upon the confession of judgment by John the case was terminated in regard to him, and, in fact, he was no longer a *party* in the suit subsequently pending between the plaintiffs and William. If this be so, John was then clearly *within* the principle recognized by *Greenleaf,* in *section* 355, and the other authorities on this subject.

The record states the appeal to have been taken by both defendants, and the appeal bond is to the same effect, but by agreement the record is so corrected as to make William the only appellant. Viewing the case as presented by this agreement, the appellees contend that the appeal must be dismissed, because there has been no summons and severance. But there is no joint judgment so as to render a severance necessary. On the contrary, there are two separate judgments, one by confession and the other upon verdict. They are dated on different days, and the interest does not commence on

each at the same time, nor could there be a joint execution upon these judgments.

The decision in the first bill of exceptions will be affirmed, but that in the second must be reversed.

*Judgment reversed and procedendo awarded.*