State *v.* Young.

STATE *v.* YOUNG.

One of two joint defendants in an indictment for an aggravated assault, who has pleaded *nolo contendere*, but against whom no judgment has been rendered, is not a competent witness for his co-defendant.

Generally, one of several jointly indicted for the same offence cannot be a witness for his co-defendants until he has ceased to be a party to the proceedings, either by an entry of *nolle prosequi* as to him, a verdict of acquittal, or a judgment against him as guilty upon his confession or otherwise, so that the suit is ended as to him by a judgment for or against him, and so that the result of farther proceedings in the case cannot by possibility affect either the extent or certainty of his own punishment.

INDICTMENT, charging the respondent and Lafayette Goodnow jointly with an aggravated assault upon William Kimball, whereby the life of the latter was endan-

State *v.* Young.

gered. When arraigned both respondents severally plead-
ed not guilty. Upon the coming on of the trial Goodnow
retracted his plea, and entered *nolo contendere.*

On the trial of the respondent, he offered Goodnow as
a witness in his behalf, and, the Attorney-General object-
ing, the court declined to permit him to testify. The
jury having returned a verdict of guilty, the respondent
moved that the same be set aside and a new trial granted,
for the supposed improper exclusion of Goodnow as a
witness in his behalf.

*B. B. Bunker,* for the respondent.

The *Attorney-General,* for the State, referred to *State* v.
*Mooney,* 1 Yerg. 431; *State* v. *Calvin,* 1 Charlton 151;
*State* v. *Smith,* 2 Ire. 402; *People* v. *Bills,* 10 Johns. 95;
*Rex* v. *Lafone,* 5 Esp. 154; Wharton's Cr. Law, (3d ed.)
303; 5 U. S. Dig. 509, sec. 980.

FOWLER, J. As a general rule at common law, the par-
ties to the record, in criminal as well as civil cases, were
not competent witnesses, either for themselves or co-
suitors. 1 Gr. Ev., secs. 329, 330; Phill. & Am. on Ev.
47; 1 Phill. Ev. 45; 3 Black. Com. 371; 1 Gilb. Ev. 222;
*Frear* v. *Evertson,* 20 Johns. 142; *Low* v. *Blodgett,* 21
N. H. 121.

In *Rex* v. *Lafone,* 5 Esp. 154, the defendants were
jointly indicted for obstructing searchers of leather in the
execution of their duty. Lafone pleaded not guilty; all
the others suffered judgment by default. *Erskine,* of
counsel for Lafone, proposed to call the defaulted defend-
ants as witnesses for him. Lord *Ellenborough* expressing
some doubt as to the propriety of so doing, *Erskine* con-
tended that there could be no legal objection to a witness
sufficient to exclude him and deprive a party of his testi-
mony, but crime or positive interest in the evidence he

State *v.* Young.

was to give ; that here there was no interest in the defendants against whom there was judgment by default; that as the extent of the violence and opposition to the officers had been proved, the offence of each defendant on the record was a distinct offence, and their punishment in no wise connected. In reply Lord *Ellenborough* said : " In the case of a joint indictment against several for a joint offence, I have never known this evidence offered, and I think it cannot be admitted. To allow this evidence would go to every criminal case ; for if two were indicted, one, by suffering judgment by default, might protect the other. There is a community of guilt; they are all engaged in an unlawful proceeding ; the offence is the offence of all, not the act of the individual only." Lafone, upon trial, was found guilty.

The doctrine of this case seems to be sustained by the supreme court of New-York in *People* v. *Bill*, 10 Johns. 95, where, on the separate trial of one of several defendants, who had severally pleaded not guilty, the court refused to permit the other defendants to testify for the one on trial, on the ground that their being parties to the record rendered them incompetent, and it made no difference whether they were tried jointly or separately. And to the same effect is *Campbell* v. *Commonwealth*, 2 Virginia Cases 314.

*Rex* v. *Fletcher*, Strange 633, is generally cited in the elementary books as holding the contrary doctrine of *Rex* v. *Lafone*, but we think erroneously ; for in *Rex* v. *Fletcher* the defendant, who was permitted to be called as a witness for the other, had submitted to a judgment against him, had been fined, and paid his fine, and was admitted to testify, by Lord Chief Justice *Raymond*, expressly upon the ground that the prosecution was ended as to him. And so indeed it was. He was no longer a party to the record in any just sense, any more than if he had been indicted and convicted separately, or than if he had been tried

separately and acquitted. His testimony could have no possible effect upon his own punishment, for that had been inflicted and satisfied; or upon subsequent proceedings against himself, for all proceedings had been terminated as to him.

In *Commonwealth* v. *Marsh*, 10 Pick. 57, the court say, that " after one of several defendants has been convicted, by his own confession or otherwise, and the conviction does not render him incompetent, there seems to be no good reason why he should not be permitted to testify for or against the other defendants ; for, after conviction, he is no longer a party to the issue." In another part of their opinion in the same case, the court say, " the parties to the record, whether in civil or criminal actions, are not admissible as witnesses, by an inflexible rule of evidence, not founded exclusively on the ground of interest, but on that of public policy."

With this latter proposition, as a general rule, we fully concur, and also with the former, if, by conviction, is meant conviction by a judgment of the court; not because a defendant thus convicted has ceased to be a party to the issue with the other defendants, but because he is no longer a party to the record, in the sense of being in any way interested therein, the matter being ended as to him. When each of several defendants separately pleads, neither is a party to the issue with the other; and if the ground of the admission of a convicted defendant were, that he was no longer a party to the issue with the others, each of several defendants, who had severally pleaded the general issue, might testify for each of his co-defendants on a separate trial of the issue with him.

In *Lee* v. *Gansel*, Cowp. 1, an affidavit of Lee being offered, it was objected that he stood convicted of perjury, and the conviction was produced ; whereupon Lord *Mansfield* remarked, that a conviction upon a charge of perjury was not sufficient to disqualify the witness, unless followed

by a judgment. "I know of no case," continued his Lordship, "where a conviction alone has been an objection, because, upon a motion in arrest of judgment, it may be quashed." We think it quite clear, therefore, that *Commonwealth* v. *Marsh*, and many other cases which speak of a convicted defendant as a competent witness for his co-defendants, unless the conviction renders him infamous, must be understood to refer to a conviction upon which judgment has been rendered, because it is the judgment alone that renders the convict infamous.

While, then, we agree that one of several defendants, who has been convicted, upon confession or otherwise, and sentenced to the punishment merited by his offence, if not thereby rendered infamous may be disinterested, and a competent witness for his co-defendants, because as to him the cause is ended, and he is no longer a party to the proceeding, any more than if he had been tried and acquitted, it seems to us this reason has no application whatever to the case of a defendant who has merely entered a *nolo contendere*, but against whom no judgment has been rendered. He has neither been acquitted or convicted; he is still a party to the record and to the proceeding; is still entitled to move in arrest of judgment, or may be permitted to withdraw his plea; and the very acquittal of his co-defendants, procured upon his own testimony, if he were permitted to testify, might, in some cases, be good cause for arresting any judgment against himself. Suppose, for instance, a respondent and two others only were indicted for a riot, three being the least number of persons that can commit the offence. He enters a *nolo contendere ;* the others plead the general issue, and, upon the testimony of their co-defendant, are acquitted. No judgment could be rendered in such a case against the defendant who had pleaded *nolo contendere*, because the acquittal of the others would demonstrate

that the offence charged could never have been committed by him.

It seems to us, therefore, notwithstanding there are numerous cases where a contrary doctrine seems to have been recognized, that a defendant cannot properly be admitted as a witness for his co-defendant in a criminal case, until he has ceased to be a party to the proceeding, either by a verdict of acquittal, an entry of *nolle prosequi* as to him, or a judgment against him as guilty upon his confession or otherwise. No plea merely, unless followed by a judgment in accordance with it, can operate to remove the disqualification. So long as he remains a party to the proceeding; so long as anything remains to be done against him, which may by possibility be affected by his own testimony, he is incompetent. *People* v. *Donelly*, 2 Parker Cr. R. 182; *Barker* v. *Ayres*, 5 Md. 202.

In the present case, the respondents were jointly indicted for an aggravated assault, and by the statute the punishment was in the discretion of the court, according to the nature and aggravation of the offence. Goodnow entered *nolo contendere* just as the trial commenced, but had not been sentenced. His punishment must depend upon the enormity of the offence. The evidence for the government showed it to have been an atrocious, unprovoked outrage, especially on the part of Goodnow. It was, therefore, directly for his interest so to testify, as, by diminishing the enormity of the assault, to protect not only Young but himself from severe punishment. We can hardly conceive of a case where the direct interest of a witness could be stronger to testify so as to exonerate himself from punishment. The offence with which he and Young were charged was one. By so testifying as to show Young's offence to have been slight or trivial; that it was provoked or invited by the person assaulted, or otherwise so affected by the circumstances he might nar-

rate as to deserve but a slight punishment, he would necessarily discharge himself to the same extent.

We are, therefore, entirely clear that the true, general rule in cases of this character, established in most jurisdictions, and one which we are not aware has ever been deviated from in this State, is, that one of several jointly indicted for the same offence, cannot be a witness for his co-defendants until he has been acquitted or convicted, so that the suit is ended as to him by a judgment for or against him; so that he has ceased to be a party to the record; so that the result of farther proceedings cannot by possibility affect either the extent or certainty of his own punishment.

The exceptions must accordingly be overruled, and judgment be rendered upon the verdict.

*Judgment upon the verdict.*