HENRY THOMAS *vs.* ISAAC W. MOHLER & JOHN D. GRAFF.

PRACTICE: JOINDER OF PARTIES: PARTNERSHIP—PARTNERS: JUDG-
MENTS BY DEFAULT AND CONFESSION: ONE DEFENDANT, AFTER
JUDGMENT BY CONFESSION, A COMPETENT WITNESS FOR HIS CO-
DEFENDANT.—In an action of assumpsit against two, as partners, where
judgment by default has been entered against one for non-appearance
and want of a plea, upon whose subsequent appearance and motion said
judgment by default is stricken out, and a judgment by confession
entered for the amount claimed in the declaration, with interest and
costs, the defendant so confessing judgment, becomes a competent wit-
ness on the trial of the cause against his co-defendant, to show that the
latter was not a partner in the transaction out of which the cause of
action arose, and that he did not in any way participate in the profits of
said transactions.

Where a motion to strike out a judgment by default for the purpose of
entering a judgment by confession for the debt, interest and costs, under
the rules of Court, addresses itself to the discretion of the Court, the
granting of such motion is not a matter proper to be reviewed on appeal.

THE ACT OF 1839, CH. 14, (CODE, ART. 29, SEC. 18), suspended the com-
mon law rule by which the cause of action against one of two joint
debtors was merged by a judgment against the other and allowed the
recovery of several judgments in such cases. Hence the entry of the
judgment by confession was not in derogation of any substantial legal
privilege attaching to the plaintiff's claim.

APPEAL from the Superior Court of Baltimore city:

This was an action of *assumpsit* brought February the 13th,
1863, by the appellant against Isaac W. Mohler and John
D. Graff, as partners. The declaration contained the common
money counts, and also, several special counts on promissory
notes, signed by I. W. Mohler, and one on a protested check,
signed in the same name, and which it was averred was the
partnership name under which the defendants conducted
business as partners.

The defendant, Graff, severed in defence and answered
specially every count, tendering issues thereon, and denied
the partnership alleged in the special counts, and tendered
issues which were joined.

Thomas *vs.* Mohler & Graff.

*First Exception.* When the cause was called for trial, the defendant, I. W. Mohler, not being present in Court, either in person or by attorney, and no plea having been filed by him, or in his behalf, the plaintiff asked for a judgment by default against him for want of a plea, and thereupon the Court ordered and directed a judgment by default to be entered against him for want of a plea, which was accordingly done.

The issues having been made up between the plaintiff and the defendant, John D. Graff, and the jury having been agreed upon, the clerk was proceeding to swear the same, when, before the jury was sworn, the defendant, I. W. Mohler, came into Court by his attorney and moved the Court to strike out the judgment, for the purpose, and only for the purpose, of enabling him to confess judgment to the plaintiff for the whole amount of his claim, including interest and all cost; and the said defendant, I. W. Mohler, in support of said motion, relied on the following rule of Court:

" At any time before a default shall have been entered, a rule may be enlarged. And a judgment by default may be stricken out at any time during the term at which it shall have been entered; every application for such purpose is to be addressed to the discretion of the Court upon affidavit, or other reasonable cause, and the Court may prescribe such terms, on the party applying, as may be equitable. All judgments by default shall be entered in open Court."

To this motion objections were made on the part of the plaintiff, but the Court overruled the said objections and granted the motion, and directed the Clerk to strike out the entry of the judgment by default against the defendant, I. W. Mohler: to which ruling of the Court and order the plaintiff excepted.

*Second Exception.* After the ruling of the Court on the first bill of exceptions, which bill of exceptions is hereby

made a part of this bill of exceptions, the defendant, I. W. Mohler, by his attorney, prayed leave to confess judgment, and requested the plaintiff's attorneys to state the actual amount of their claim, which the plaintiff's attorneys declined to do, and objected to the offer to confess a judgment at that time, but the Court overruled the objection, and thereupon the defendant, I. W. Mohler, by permission of the Court confessed judgment for the amount of the claim stated in the plaintiff's declaration, and said judgment was accordingly entered; to which ruling of the Court allowing the defendant, I. W. Mohler, to confess judgment, and to the entry of the confession of judgment by said Mohler, the plaintiff, by his attorneys, excepted.

*Third Exception.* After the matter set forth in the first and second bills of exceptions had taken place, which first and second bills are hereby made a part hereof, the jury having been sworn to try the issue between the plaintiff and defendant, John D. Graff, and the plaintiff having offered evidence to sustain the issue on his part, the defendant then offered to prove by the aforesaid defendant, I. W. Mohler, that the various sums sued for in the action were contracted for by him, the said Mohler, without the said Graff being in any way concerned in the same, and that he was not a partner in said transactions, and did not participate in any way in the profits of said transactions, but the plaintiff objected to the competency of the witness to give such evidence, whereupon the Court overruled the objection and permitted the witness to testify as above stated, and he having been sworn did accordingly testify to the same. To which ruling of the Court, and to the permitting the witness to testify the plaintiff excepted.

The verdict of the jury and judgment being for the defendant, the plaintiff appealed.

Thomas *vs.* Mohler & Graff.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, Cochran & Weisel, J.

*Wm. S. Bryan & Levin Gale,* for the appellant.

The principal question in this case arises upon the power of the court to compel the plaintiff to accept judgment by confession from one of two joint defendants against the plaintiff's wishes. We leave out of view, for the present, the question of the judgment by default. Assuming the correctness of the decision of the Court below in that respect, which we deny, and the case being that of one of two joint defendants, against whom an *action ex contractu* is brought, as in this case, who is willing and desires to make a confession of judgment, is the plaintiff obliged to accept the confession, and take final judgment before trial, and verdict against the other co-defendant? We assert not. At the common law, and before the Act of 1839, ch. 14, embodied in the Code, Art. 29, sec. 18, page 194, it was clear that in an action *ex contractu,* against two or more joint defendants, a judgment recovered against one destroyed the right of action against all the other joint defendants. We need not enlarge on this point. The principle is clearly settled, and will be found to be decided by our own Court of Appeals in the case of *Moale vs. Hollins,* 11 *G. & J.,* 11. This being the case, and treating the question now apart from the above mentioned Act of 1839, it seems to be clear, that it was not in the power of the defendant, Mohler, to confess judgment without the plaintiff's prayer, and especially not against his wishes. In this instance this was done; Mohler confessed judgment, and it was entered not only without any application having been made by the plaintiff, but against his remonstrances, as will appear by the second bill of exceptions. We do not mean to assert that Mohler had not a right to say that he admitted there was cause of action against him, but we do deny that

he or any other party to the cause, other than the plaintiff, was entitled to demand judgment thereupon, until after the cause against the other defendant had come to verdict or other determination; and for this plain reason, that until the Act of 1839, such a judgment would have precluded the plaintiff from recovering against the other defendant. 11 *G. & J.*, 11. The only question therefore seems to be, whether the above quoted Act of 1839 forces upon the plaintiff the necessity of accepting a judgment from one of two defendants without his consent. We think not. The plaintiff is entitled to a joint judgment, which, for many reasons that we need not specify, is more beneficial than separate judgments against each of the defendants. Besides, there is no principle more clearly established, than that statutes in derogation of common law, and especially those giving additional remedies, do not take away or abridge the rights of parties under the common law, unless so declared. In this case the plaintiff, if his declaration was correct, (as Mohler sought to admit,) had a right to a judgment against both Mohler and Graff. By what pretence is it sought to defeat that right? Could Mohler defeat such a right by a confession of judgment? Clearly, not by the common law, for that would have been to have taken away the plaintiff's remedy against the other co-defendant. Does the Act of 1839 give him any such right? If so, that Act, instead of being for the benefit of the plaintiffs, would deprive them of great advantages which they had before enjoyed, and would entirely subvert the above principle of construction; we have stated that statutes of this kind are intended, not to deprive parties of previous remedies, but to give them additional ones.

If we are correct in these principles, of which we think there can be no doubt, then the action of the Court below, in entering up judgment against the defendant Mohler, before trying the issue against the other defendant, Graff,

was erroneous, and must be reversed, and the cause remanded without regard to the other questions involved in the record. We may here remark that the question thus involved was raised in the case cited by the appellees, of *Barker vs. Ayres,* 5 *Md. Rep.,* 202, and the indications in that case, so far as they go, are favorable to the view we have thus taken.

It will no doubt be contended by the appellees, that even if this be true, it does not affect the question as to the other defendant, Graff. But this is not a proper view of the case, because the plaintiff is entitled, if at all, to a joint judgment against both defendants. How far he may have been hampered by the erroneous judgment of the Court below it is impossible to say, but certainly to some extent, and if his rights have been to any degree lessened, impaired or obstructed, he is entitled to a reversal and *procedendo.*

We also contend that the Court erred in striking out the judgment by default against the defendant, Mohler. We know, that not only according to the rule cited in the record, but apart from such rule, that judgments by default are, in certain senses, within the discretion of the Court during the term at which they are obtained; but that discretion must be a reasonable one, and we are at a loss to know for what cause, in this instance, the judgment by default was stricken out. Certainly, Courts ought not to do indirectly that which they are not allowed to do directly. If the object was to permit Mohler, (as he asserts in his application,) to confess judgment against the remonstrance of the plaintiff, it seems to us that the striking out of the judgment by default was clearly wrong.

The question raised by the 3d bill of exceptions is as to the competency of the defendant, Mohler, to testify upon the issue between the plaintiff and his co-defendant, Graff. This, it will be seen, depends in great measure upon the questions already discussed. If the judgment by confession given by

Mohler was erroneously entered up, and this Court should hold that there was either no judgment against him at all; or if the judgment by default was still subsisting, then, even by the authorities cited by the appellees, he was not, at the time of his giving his testimony, a competent witness. 1 *Greenleaf's Evidence*, sec. 355. 1 *Phillips' Evidence*, 44. *Worrell vs. Jones*, 7 *Bingham*, 396. *Ward vs. Hayden*, 2 *Esp.*, 552.

All the cases cited by the appellee show, that one defendant is not a competent witness for a co-defendant where final judgment or other discharge has not been granted for him. In the case of *Worrell vs. Jones*, one defendant was held to be a competent witness for the plaintiff, not for his co-defendant, but even then because he was the principal debtor and could not call on the other defendants for contribution. The case of *Ward vs. Hayden*, was a case of *tort*, which depends on entirely different principles. In sec. 356 of *Greenleaf's Evidence*, immediately following that cited by the appellee, the principle is laid down, that one co-defendant, even after judgment by default, cannot be a competent witness for his co-defendant.

It may be said that the judgment in this case should not be reversed, because, although Mohler was not a competent witness at the time, yet having become so since by the Act of 1864, ch. 109, which was passed after the trial of this cause, it would be idle to reverse the judgment now; or, even if so, to send the case back to be tried anew. We reply, that if the admission of the testimony was erroneous at the time, no matter what may have since occurred, we are entitled to a reversal and an opportunity of a new trial. But more than this, at that time the plaintiff was not competent as a witness, and if Mohler is now to be allowed to testify, by virtue of the Act of Assembly, so also is Thomas, the plaintiff, and we are entitled to the benefit of his evidence. On

this point it may also be said, if this Court shall hold—contrary to our view,—that although the judgment and other proceedings against Mohler are irregular, and should be reversed, so far as he is concerned, yet it should not affect the judgment in favor of Graff,—which should therefore be affirmed; then the objection to the competency of Mohler comes with greater force, and for that reason the judgment against Graff should be reversed on the grounds mentioned in the 3d bill of exceptions.

Upon the trial of the issues joined between the plaintiff and the defendant, Graff, a verdict was found on all the issues for the said defendant, and judgment was entered accordingly, from which judgment this appeal has been prayed.

Three exceptions were taken. The *first* relates to the granting of the motion to strike out the judgment by default. The *second*, to the permission accorded to Mohler to confess judgment for the full amount claimed in the declaration. The *third* relates to the competency of Mohler as a witness on the trial in behalf of the defendant, Graff, said witness having been produced after he had confessed judgment as aforesaid.

The counsel for the appellee, Graff, respectfully insist on the following points:

1. The rules of the Superior Court, embodied in the first exception, authorised the motion to be made to strike out the judgment by default, and upon such application, supported by affidavit, the Court, in its discretion, had rightful power to order the same to be stricken out. The discretion, even if there was any ground to impute error in its exercise, could not be reviewed by this honorable Court.

2. The plaintiff cannot complain of error, inasmuch as the *cognovit* extended to the entire sum claimed as damages in the declaration. It is the plaintiff's own fault if the confes-

sion of judgment was for a larger amount than his just demand, for he refused to specify his real claim. Even if it were possible to suggest any grievance to the plaintiff, by such exaggerated confession, he would be precluded from complaining.— *Volenti non fit injuria.*

3. But the matters of the first and second exceptions *preceded* the trial. They did not concern the issues joined between the plaintiff and the defendant, Graff. As to him, these matters were *res inter alios.* The only question as to him, arising upon this appeal, is presented by the 3rd bill of exceptions.

4. The witness, Mohler, was a competent witness for the defendant, Graff, on the issues joined. He had no interest in the result of the case, in favor of the party who called him. His interest was the other way. The formal objections of practice, as to examining a co-defendant, were removed by the judgment against him. *Robertson vs. Mills,* 2 *H. & G.,* 98. *Barker vs. Ayers,* 5 *Md. Rep.,* 202. 1 *Phil. Ev.* 44. *Greenlf. Ev.,* sec 355. *Crawford vs. Brook,* 4 Gill, 213. *Waller vs. Jones & Baker,* 7 *Bing.,* 117. (20 *Eng. C. L. Rep.*) *Esp.* 552. *Lizardi vs. Cohen,* 3 *Gill,* 430.

COCHRAN, J., delivered the opinion of this Court:

Assuming that the action of the Court in striking out the judgment by default, and entering the judgment by confession, was correct, it is very clear that Mohler was a competent witness for Graff, the other defendant. That point was considered and expressly determined in the case of *Barker vs. Ayers,* 5 *Md. Rep.,* 202, and is not open to further question.

The motion to strike out the judgment by default was addressed to the discretion of the Court. The rule of the Court, exhibited in the record, and under which the motion was filed, is explicit in that particular, and we cannot regard

the exercise of that discretion in striking out the judgment as a matter proper to be reviewed here. The appellant, however, does not seriously controvert this proposition, but insists that he was entitled to a joint judgment against these appellees, and that the subsequent entry of the judgment by confession against Mohler, was an infringement of that right. We do not concur in this view. That such would have been his privilege at common law, we do not doubt; the proof of his joint cause of action would have established his right to a joint judgment, which neither defendant could defeat by the confession of a several judgment against himself; and this for the simple reason that such a judgment against one would merge the cause of action and deprive the plaintiff of all remedy against the other joint debtor. The case of *Moale vs. Hollins*, in 11 *G. & J.*, 11, fully illustrates this rule. But that is not the state of the case here. Immediately after, or about the time the case of *Moale vs. Hollins* was decided, the Act of 1839, ch. 14, codified in Art. 29, sec. 18 of the Code, was passed, suspending the common law rule by which the cause of action against one of two joint debtors was merged by a judgment against the other, and allowing the recovery of several judgments in such cases. The only ground, therefore, upon which the appellant in joint right could insist upon a joint judgment has been removed, and there is no reason for supposing that the entry of the judgment by confession was in derogation of any substantial legal privilege attaching to his claim. We may also add, that the defendant, in the judgment by confession, was interested in terminating the case against himself so as to prevent a larger accumulation of costs, and it would seem just, as well as proper, that he should have had the privilege of confessing the judgment in order to avoid the expense and trouble incident to the trial of the case against his co-defendant. He states in his motion to strike out that he desires to confess the judgment

for the purpose of saving himself from unnecessary costs, and we have discovered no sufficient reason for overruling such a motion.

We concur with the Court below in all the rulings to which these exceptions were taken, and therefore affirm the judgment.

*Judgment affirmed.*

(Decided May 16th 1866.)