(Decided 2nd December, 1892.)

---

## Moses Westheimer *vs.* Patrick Craig.

*Pleading and Practice—Action on Joint contract—Judgment against One defendant—Secs. 10 and 12, of Art. 50 of the Code—Assumpsit—Tort—Implied contract.*

Section 12 of Article 50 of the Code, provides that in actions upon joint contracts against joint debtors, the plaintiff shall be entitled to judgment, "as in actions *ex delicto*, against such one or more of the defendants as shall be shown by the evidence to be indebted to him;" and by sec. 10 of the same Article it is pro-

vided that "a judgment rendered against one or more members of a partnership, or one or more persons jointly liable on any bill, bond, covenant, promissory note, bill of exchange, contract or agreement whatsoever, less than the whole number of partners or persons so bound, shall not work an extinguishment or merger of the cause of action on which such judgment may have been rendered, as respects the liability of the partners or persons not bound by such judgment; and they shall remain liable to be sued as if their original responsibility had been joint and several; provided that but one satisfaction of the debt or demand shall be made." HELD:

1st. That where parties fraudulently apply to their own use the moneys of a plaintiff, he may waive the tort and sue them in assumpsit to recover the moneys so belonging to him.

2nd. That although such action be founded on a contract arising by implication of law, it is none the less a contract within the letter and spirit of said provisions of the Code.

3rd. That whether the judgment by default against one of the defendants was properly entered or not, the name of the plaintiff's attorney having been signed to the motion by the deputy clerk at the request of the attorney, or whether such judgment had been extended or not, were matters which in no way affected the plaintiff's right to judgment on the verdict subsequently rendered by the jury in the trial of the issues joined on pleas of never indebted, and never promised as alleged, filed by the other defendant.

4th. That there could be but one satisfaction of the debt, and if the debt had been paid in whole or in part by the defendant against whom the judgment by default was entered, this was matter of proof of which the other defendant could have availed himself in the trial against him, and furnished no ground for motions consecutively filed by him, for a new trial, in arrest of judgment, and to strike out the judgment.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, BRYAN, FOWLER, ROBERTS, and McSHERRY, J., for the appellee, and submitted for the appellant.

*Frederick C. Cook,* for the appellant.

At common law the rule was that no final judgment in a joint action, whether on a joint or joint and several contract, could be had, unless for or against all of the defendants, except where some one or more of the defendants had pleaded some matter of personal discharge, as infancy, bankruptcy, coverture, etc. *Wilmer vs. Gaither,* 68 *Md.,* 348-52; *Barker vs. Ayers, et al.,* 5 *Md.,* 206; 1 *Freeman on Judgments, sec.* 43; 1 *Black on Judgments, sec.* 82.

And in cases where statutes have provided for judgments being taken against defaulting defendants, they have not been construed to authorize the entry of final judgment as against part only of the defendants served with process, without disposing of the case against the others. *Bissell vs. Cushman,* 5 *Colo.,* 77; *Kingsland vs. Koeppe,* 28 *N. E. Rep.,* 48; *Boys vs. Shawan,* 88 *Calif.,* 111; *Hulme vs. Janes,* 6 *Texas,* 242; *Baber vs. Cook,* 11 *Leigh,* (*Va.,*) 611; *Steptoe vs. Read,* 19 *Gratt.,* (*Va.,*) 9; *Niles vs. Battershall,* 27 *How. Pr.,* (*N. Y.,*) 383; *Crandall vs. Beach,* 7 *How. Pr.,* (*N. Y.,*) 272; *Brown vs. Richardson,* 4 *Robertson,* (*N. Y.,*) 605; *Sager vs. Nichols,* 1 *Daly,* 1; *Catlin vs. Latson,* 4 *Abbott's Practice,* 249; *Lenoir vs. Moore,* 61 *Miss.,* 400; *Slade vs. Street,* 77 *Ala.,* 576; *Netso, et al. vs. Foss, et al.,* 21 *Fla.,* 143; *Enos Hill & Co. vs. Stansbury, et al.,* 18 *W. Va.,* 477; *Downer vs. Dana,* 22 *Vermt.,* 25.

This construction would require the plaintiff, in a case situated as the present case was, when he impannelled the jury to try the issue against the defendant Westheimer, also to swear them to assess the damages under the judgment by default against the other defendant, and this Court has approved such practice. *Loney, et al. vs. Bailey & Caldwell,* 43 *Md.,* 10; 2 *Poe's Pldg. and Pract., sec.* 381.

Westheimer *vs.* Craig.

All doubts that have ever been entertained of the propriety of this course, have been put at rest by the Act of 1888, chapter 482 (Code, Art. 50, sec. 12), which provides, that in suits brought against alleged joint debtors in actions *ex contractu,* it shall not be necessary for the plaintiff to prove their joint liability, as alleged, but he may recover as in actions *ex delicto* against such one or more of the defendants, as shall be shown by the evidence to be indebted to him; and judgment shall be entered in his favor against such one or more of said defendants as fully as if the defendant or defendants against whom he shall fail to establish his claim had not been joined in the suit. One joint judgment, against such of the defendants as are shown to be liable, is provided for, not sundry and several judgments against the several defendants, who may have from time to time been shown to be indebted to the plaintiff. This is the last expression of the legislative will and must be enforced by the Courts.

It has been contended, however, that sec. 10 of Art. 50 of the Code is applicable to this case, and that this section authorizes several judgments against the various joint defendants sued on any of the causes of action mentioned in this section.

In the case at bar the action is an implied *assumpsit* arising out of a tortious obtention and conversion by the defendants of the plaintiff's money. Such a case is not within the intent of the tenth section of Article 50. The cases provided for by this section are those in which partners are jointly liable, or where different persons, not partners, are jointly liable on bills, bonds, covenants, promissory notes, bills of exchange, contracts or agreements similar to those specially mentioned in this section. In other words, the contracts or agreements contemplated are joint *express contracts*, not such as arise by implication of law. It may also be contended that

they are written contracts, and not purely oral contracts, except in the cases of partners, because of the principle of construction that leads the Courts to confine words of general import to the more particular and circumscribed meaning indicated by other words in connection with which they are used.

No matter what may have been the previous determination of this Court, the Act of 1888, chapter 482, (Code, Art. 50, sec. 12,) requires the plaintiff whenever he sues defendants whom he alleges to be joint debtors in actions *ex contractu,* to endeavor to establish this alleged joint liability, though if he do not succeed, he does not thereby lose his case, but is entitled to judgment against such of said joint debtors as he may establish his claim against, *"as fully as if the defendant or defendants against whom he shall fail to establish his claim had not been joined in the suit."* There is a reason for this: The defendants, as between themselves in cases of joint contracts, are entitled to contribution; and therefore their joint liability ought to be clearly and conclusively established as to both. In a case situated as the one at bar, the defendant Kelly is not concluded by the verdict against Westheimer, and it is not, by any means, impossible that a jury, when called upon to assess damages under the judgment by default against him, may bring in a substantially different verdict. Thus his responsibility may be fixed anywhere at from one cent to seven hundred and twenty-five dollars.

*William L. Hodge,* (with whom were *Henry J. Bowdoin,* and *William L. Marbury,* on the brief,) for the appellee.

The rule at common law, in regard to actions in which several persons were joined as defendants, was that judgment must be given against all or none of them. But this rule has been expressly changed by statute in many

States.  *Black on Judgments*, sec. 82.  And in Maryland by the Act of 1839, ch. 14, Code, Art. 50, sec. 10; *Poe's Pleading*, sec. 385.

Under such a statute a judgment by default against the defendant not pleading is proper.  *Black on Judgments*, sec. 82.

Again, these defendants were *jointly and severally liable*. Because the plaintiff chose to waive the tort committed by them and sue them together *in assumpsit*, this does not make them *joint* debtors or contractors.  He could have sued either one of them separately for the whole amount, and this is the true test as to whether two or more defendants are *jointly* and *severally*, and not merely *jointly* liable; and where the action is upon a joint and several contract, (much more upon such an *implied* contract as the one sued upon here,) judgment may be rendered against one or more without waiting the final trial. *Black on Judgments*, sec. 210.

Such is the law generally, and so it has been settled in Maryland; and this, whether we regard the judgment by default against Kelly as void or valid.  Neither view affects the case of the appellant.

Granting that said judgment by default against Kelly was *void*, then the case would stand as if both defendants had been sued jointly, and one had appeared and pleaded separately, and the other had put in no pleas. The separate verdict and judgment against the one so pleading is valid, and a motion in arrest of judgment comes too late.  *Gott vs. State, use of Barnard*, 44 *Md.*, 319, 320, 333 *and* 337.

The appellant in the above case, as will appear by his brief on page 329 of the volume, made identically the same contention as made by the appellant in the present case.

If, on the other hand, said judgment by default against Kelly be *valid*, then the case coincides almost exactly

with that of *Thomas vs. Mohler & Graff*, 25 *Md.* 36, *at pages* 44, 45, where it was expressly decided that one in the position of the appellant in this case, under this view of it, would not be entitled to relief, citing the Act of 1839, ch. 14. *Cruzen vs. McKaig*, 57 *Md.*, 454, *at pages* 460, 461.

According to these views it becomes unnecessary for us to discuss whether said judgment by default against Kelly was valid or irregular.

As to the point raised that the appellant has been deprived of the benefit of any defences as to the *quantum* of damages that Kelly, his co-defendant, might have been able to produce, such is a matter entirely between the appellant and said Kelly. Each is *prima facie* liable for the whole amount claimed; and if judgment is paid by one he may have his right of contribution against the other, as the plaintiff can have but one satisfaction. Besides, it is now too late for the appellant to complain, for he has had his day in Court, and could have produced his co-defendant Kelly at the trial as his witness, and proved any payment or reduction of the claim by said Kelly.

Even on general principles of justice would it not be most inequitable to allow the appellant to lie by at the trial and take the chances of a verdict in his favor, and, failing in this, then to raise the point at this late stage of the proceedings? The objection should have been made at the time of the trial, and comes too late now. *Gott vs. State, use of Barnard*, 44 *Md.*, 337; *Merrick vs. Bank of Metropolis*, 8 *Gill*, 75.

The judgment was therefore properly entered up under section 14, of Article 26, of the Code, *Gott vs. State, use of Barnard*, 44 *Md.*, 337, and should be affirmed.

ROBINSON, J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the appellee against Moses Westheimer and Michael R. Kelly. The

declaration contains the ordinary money counts, and with it is filed a statement or bill of particulars, charging the defendants with having collected and fraudulently appropriated to their own use the proceeds of certain cheques drawn by the appellee. Kelly having failed to plead within the time prescribed by law, a judgment by default was entered against him, and the judgment so stands, the Court never having been called on to assess, nor the jury to inquire of, the damages. The judgment by default, it seems, was entered upon a motion in writing, to which the name of the plaintiff's attorney was signed by the deputy clerk at the request of said attorney.

Westheimer, the other defendant, and now appellant, pleaded never indebted, and never promised, as alleged in the declaration, and upon the issues made on these pleas the case was tried, and verdict was rendered in favor of the plaintiff for $450. The defendant Westheimer then filed a motion for a new trial, and a motion also in arrest of judgment, and, these motions being overruled, he filed a motion to strike out the judgment, which the Court also overruled.

It is unnecessary, in the view we take of the case, to state at length the several grounds relied on in support of the motion in arrest of judgment. Briefly stated, the main grounds are: First, that being an action on a *joint contract* against *joint debtors*, the plaintiff could not recover separate judgments against each defendant; and, secondly, that no judgment could be recovered against Westheimer until the damages had been assessed in the judgment by default against Kelly. In an action upon a *joint contract* at common law, if all the defendants were summoned or appeared, the judgment was entered, it is true, for or against all the defendants. This general rule was, however, subject to this exception: If one or more of the defendants pleaded *infancy*, or *coverture*, or *dis-*

*charge in bankruptcy*, these pleas being consistent with the averment in the declaration of an original joint contract, the plaintiff could enter a *nolle prosequi* as to such defendants, and recover judgment against the other defendants. *See* 1 *Black on Judts.*, sec. 206, and cases referred to; 1 *Freeman on Judts.*, sec. 43, and cases.

The rule of the common law in this respect, however, has been changed by the Code, and the statute now provides that in actions upon joint contracts against joint debtors, the plaintiff shall be entitled to judgment "as in actions *ex delicto* against such one or more of the defendants, as shall be shown by the evidence to be indebted to him." Sec. 12, of Art. 50, of the Code.

And at common law it is equally true, that a judgment against one or more joint debtors upon a joint contract, merged or extinguished the debt as to other parties not joined in the action, and, if they were subsequently sued on the original contract, they could plead the former judgment in bar of the action. But this has also been changed by statute, and sec. 10, Art. 50 of the Code, provides that "a judgment rendered against one or more members of a partnership, or one or more persons jointly liable on any bill, bond, covenant, promissory note, bill of exchange, contract, or agreement whatsoever, less than the whole number of partners or persons so bound, shall not work an extinguishment or merger of the cause of action on which such judgment may have been rendered, as respects the liability of the partners or persons not bound by such judgment; and they shall remain liable to be sued as if their original responsibility had been joint and several; provided, that but one satisfaction of the debt or demand shall be made."

And since the decisions in *Barker vs. Ayers, et al.*, 5 *Md.*, 202, and *Thomas vs. Mohler and Graff*, 25 *Md.*, 36, and *Loney, et al. vs. Bailey and Caldwell*, 43 *Md.*, 10; and *Gott vs. State, use of Barnard*, 44 *Md.*, 319, the right of

the plaintiff to recover separate judgments against the members of a partnership for partnership debts, and separate judgments against *joint obligors*, and against *joint debtors* in an action of *assumpsit* for goods sold and delivered, can no longer be questioned.

But then it was argued that the contracts or agreements within the meaning of the statute are *joint express contracts*, and not such as arise by implication of law. The object of the statute was to prevent a judgment recovered against one or more joint debtors from operating as a merger or extinguishment of the original cause of action; and thereby to enable the plaintiff to recover judgment against the other defendants. And, after specifically enumerating bills, bonds, covenants, promissory notes, and bills of exchange, the statute says, or *"contract or agreement whatsoever."* Now, in this case the plaintiff could have brought an action of tort against each of these defendants, but he waives the tort, which he had the right unquestionably to do, and sues *in assumpsit* to recover money belonging to him, and which the defendants had fraudulently appropriated to their own use. It is an action founded on contract, arising, it is true, by implication of law, but none the less a contract strictly within the letter and spirit of the Code. And as such it was so recognized in *Barker vs. Ayers, et al.*, 5 *Md.*, 202, and *Loney, et al. vs. Bailey and Caldwell*, 43 *Md.*, 10.

Now, as to the judgment by default against Kelly, we have but a word to say. Whether this judgment was properly entered or not, the name of the plaintiff's attorney having been signed to the motion by the deputy clerk, at the request of the attorney, or whether the judgment had been extended or not, are matters which in no manner affected the plaintiff's right to judgment on the verdict rendered by the jury in the trial of the issues joined on the pleas filed by the defendant West-

heimer. There could be but one satisfaction of the debt, and if the debt had been paid in whole or in part by Kelly, these were matters of proof, and of which West-heimer could have availed himself in the trial against him. For these reasons we concur with the several rulings of the Court below, and the orders appealed from will therefore be affirmed.

*Orders affirmed.*

(Decided 2nd December, 1892.)