DAMAGES—PERSONAL INJURIES.
    Where plaintiff sues for personal injuries, a judgment on a verdict allowing him the amount of his necessary medical expenses, but nothing for his injuries, will be reversed.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Henry Katz against the Brooklyn Heights Railroad Company. From an order opening defendants' default, and from a judgment rendered for plaintiff for an alleged insufficient amount, he appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

I. Cohn, for appellant.
Sheehan & Collin, for respondent.

PER CURIAM. We have concluded not to interfere with the order opening defendant's default; the disposition of such matters resting so largely within the discretion of the trial justice that his discretion will not be disturbed save in case of most manifest injustice. The order is affirmed, with $10 costs.

The second trial was submitted to the learned justice for decision by consent, the jury having failed to agree. He ordered judgment for plaintiff in the sum of $65. This was the reasonable value of the services of the plaintiff's physician, as testified to on the trial. Having thus succeeded upon the issue of negligence, the plaintiff is without any compensation for his own injuries, being only repaid the reasonable value of his doctor's services. This is an injustice, and cannot be tolerated.

Judgment reversed, and new trial ordered, with costs.

---

(35 Misc. Rep. 298.)

## LAGE v. WEINSTEIN et al.

(Supreme Court, Appellate Term. June, 1901.)

ELECTION OF REMEDIES—PRINCIPAL AND AGENT.
    Where a creditor has a right of action against both principal and agent, he must elect which one he will hold, and a judgment against either will discharge the remedy against the other.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Bernhard H. Lage against Rachel Weinstein and Jacob Weinstein. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Kantrowitz & Esberg, for appellants.
David W. Rockmore, for respondent.

PER CURIAM. This action was for goods sold and delivered. The defense interposed was a general denial and counterclaim. The plaintiff's claim was that he sold and delivered 2,268 square feet of tiling in pursuance of an agreement made and entered into between himself and the defendant Jacob Weinstein. This agreement is attached to the return, and is in the following words:

"Jacob Weinstein, 235 East Thirteenth Street, City—Dear Sir: You will confer a favor upon me by giving to Mr. Lage your acceptance of your guaranty for payment of tiles which will be delivered to your job at 235 East Thirteenth street, you agree to pay 25 cents per square foot as work progresses. You will please pay 20c. to Mr. Lage (for tiles) and 5c. to me on account, the amount of contract to be paid on completion of the work.
"Very truly yours,                    Antonio Lascalzo."
· "I herewith accept and confirm the above agreement. It is understood that the amount for tiles to be paid to Mr. Lage is deducted of the contract of Mr. Lascalzo.                    Jacob Weinstein."

In substance, Lage was to furnish tiles for Lascalzo to lay, and Weinstein was to pay Lage for the tiles and Lascalzo for the labor. At the close of the plaintiff's case the defendants moved to dismiss the complaint as against the defendant Rachel Weinstein, and the respondent admits that up to this time there was no proof to bind her. The plaintiff's contention is, however, that the proof was supplied by the evidence subsequently given by Jacob Weinstein. His testimony on this subject appears in the minutes, where, on cross-examination, he testified that Rachel Weinstein, his wife, owned the house, and that he was her agent. If this statement be held sufficient proof of agency, the principal was liable, and should have been sued alone; and, if held insufficient, then Jacob Weinstein was alone liable. We cannot discover upon what principle joint liability was adjudged. The general rule is that in cases where principal and agent are liable it is usually held that they cannot be sued jointly. Plaintiff must elect which one he will hold; and a suit prosecuted to judgment against either, though without satisfaction, will discharge the remedy against the other. Mattlage v. Poole, 15 Hun, 556; Enc. Pl. & Prac. 16, 898.

Judgment reversed, and new trial ordered; costs to abide event.