# E. J. CODD COMPANY *vs.* WALTER W. PARKER.

*Affidavit to Plea Under Baltimore City Practice Act—On Contract by Agent For Undisclosed Principal Suit May be Against Either But Not Both—Special Plea of Estoppel.*

The Practice Act of Baltimore City (1898, ch. 123, sec. 312), provides that in certain actions *ex contractu* the plaintiff shall be entitled to a speedy judgment unless the defendant's pleas contain a good defense and be supported by his affidavit stating that the pleas are true and the defendant shall further state the amount of the plaintiff's demand if anything admitted to be due or owing and the amount disputed, and that he will be able to produce evidence in support of the plea as to the portion disputed. In this case defendant's affidavit to his pleas stated that every plea was true and all of the plaintiff's alleged claim was disputed. *Held*, that this affidavit is in compliance with the statute.

The general rule, subject to few exceptions, is that when an agent contracts in his own name for his principal, without disclosing him, the other party to the contract may, upon discovery of the principal, sue either the agent or the principal, but after he has sued one and a final judgment has been rendered, he cannot bring an action against the other, whether the judgment in the first suit was for or against the plaintiff.

In an action to recover the price of goods sold, the defendant filed the general issue pleas and a special plea to the effect that he acted as agent of X in purchasing the goods sued for and that the plaintiff had elected to sue X for said goods and had recovered judgment against him there-

for. *Held,* that a demurrer to this plea was properly overruled, because even if the facts therein alleged could be admissible in evidence under the general issue pleas, yet, since the plea admits the purchase of the goods alleged in the declaration, but sets up the judgment against defendant's principal of a defense, it is good as a special plea of confession and avoidance; and it is also good because it relies upon an estoppel of record created by an adjudication and such an estoppel should be made the subject of a special plea.

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD and SCHMUCKER, JJ.

*John L. G. Lee* (with whom was *W. Irvine Cross* and *F. B. Smith* on the brief), for the appellant.

The affidavit of the defendant alleges that the pleas are true, but he fails to say *what is due and owing.* And he fails to state *that he will be able at the trial to* produce sufficient evidence to sustain the *part disputed.* This affidavit is not sufficient under the decisions in *Adler* v. *Cook,* 68 Md. 494; *Balto. Publishing Co.* v. *Hooper,* 76 Md. 115.

The third and additional plea is bad because it sets up an estoppel which cannot be specially pleaded, but evidence of which must be adduced under the general issue plea. *Alex.* v. *Walter,* 8 Gill, 239.

And for the further reason that it sets up the defense that if a suit is entered against the principal in a transaction and such suit is pressed to final judgment, that then the plaintiff is estopped to sue the agent of said principal. We admit *the converse of this proposition is true*—that is to say, you cannot pursue the *agent* to final judgment and then sue the *principal,* and the reason is obvious. *Wharton Agency,* section 473.

Election is estoppel, and estoppel has no basis but in equity. *Hardy* v. *Bank,* 51 Md. 589; *Shipley* v. *Fox,* 79 Md. 579.

For the early case on this subject—that is to say, for the rule that a creditor having pursued the principal to final judg-

ment is estopped to sue the agent—see *Priestly* v. *Fernie*, 3 Hurlstone & Coltman, 977.   For its limitations see *Beymer* v. *Bonsal*, 79 Pa. 298; *Remnell* v. *Townsend*, 83 Hun. 353; *Mc-Laughlin* v. *Austin*, 104 Mich. 490; *Male* v. *Co.*, 40 Ohio, 316; *Merrill* v. *Kenyon*, 48 Conn.  314; *Fowler* v. *Bank*, 113 N. Y. 450; *Linville* v. *Hadden*, 88 Md. 594.

*Madison Marine* (with whom were *Parker & Staum* on the brief), for the appellee.

At the time the motion for a judgment by default for want of a sufficient affidavit to defendant's pleas was overruled no exception was taken, nor is any noted in ruling of Court below overruling such motion, *nor does such ruling appear to be a part of appellant's bill of exceptions, as we submit it should be.* In cases before the Court involving this question such motion was made a part of the bill of exceptions.   *Adler* v. *Crook*, 68 Md. 494; *Hutton* v. *Marx*, 69 Md. 252; *May* v. *Wolvington*, 69 Md. 117.   Nor does it appear from record just what reason was assigned in motion for judgment by default, nor what question of law was raised by appellant in support of his motion, so that as far as this particular point is concerned there is nothing before this Court for review.

In this case there was *nothing* admitted to be due and owing, but the *whole was disputed,* and the affidavit so states.   It seems to us that after stating "the whole of plaintiff's claim was disputed" it would be the veriest surplusage to also state that "nothing was admitted," since this latter is most indubitably embraced and included within the former statement and the former expresses the whole and entire sense of the act. The whole effect of the act is to narrow the scope of the plea to the precise point in issue.   *Adler* v. *Crook*, 68 Md. 494. Now, when the affidavit was filed stating the whole claim was disputed this narrowed the pleas to the precise point in issue, *i. e.*, the dispute of the *entire* claim.

When an agent contracts in his own name, without disclosing his interest, though in fact for the exclusive benefit of another person, which person is afterwards discovered by the

creditor, the creditor may sue either, but after he has elected whom to sue, and has sued either the agent or the principal to judgment, he cannot after that sue the other, whether the suit has been successful or not. *Priestly* v. *Fernie*, 3 Hurles. & C. 977; *Curtis* v. *Williamson*, L. R., 10 Q. B. 57; *Scarf* v. *Jardene*, L. R., 7 Ap. Cases, 345; *Mattlage* v. *Poole*, 15 Hun. (N. Y.) 556; *Kingley* v. *Davis*, 104 Mass. 178; *Fowler* v. *Bowery Savs. Bk.*, 113 N. Y. 450; 4 L. R. A. 145; *Lee* v. *Frat. Mut. Ins. Co.*, 1 Handy, 217; *Garrad* v. *Moody*, 48 Ga. 96; *Magraw* v. *Godfray*, 14 Abb. Pr. N. S. 397; *Jones* v. *Ins. Co.*, 14 Conn. 501; *Poe Pl.*, sec. 378; *Mayhue* v. *Graham et al.*, 4 Gill, 339, 363; *Reinhard on Agency*, sec. 331; *Raymond* v. *Mills Co.*, 2 Met. 319, 324; *Fitzsimmons* v. *Baxter*, 3 Daly, 81, 84; *Large* v. *Weinstein*, 35 Miss. Repts. 298; *Cleaveland* v. *Walker*, 11 Al. 1058, 1065; *Jones* v. *Johnston*, 86 Ky. 530, 552; *Meeker* v. *Claghorn*, 44 N. J. 349, 351; *Wharton on Agency*, sec. 464; *Equitable Co.* v. *Horsee*, 33 Hun. 169; *Provenchere* v. *Reifess*, 62 Mo. Ap. 50.·

The exceptions to this rule are, 1st where the principal is known and the agent binds himself in some way to the creditor. *Henderson* v. *Mayhew*, 2 Gill, 408. 2nd. Where there is an element of fraud in the transaction, in the latter case it is upon the tort and not upon the contract that they are both liable. 3rd. The exception stated in our legal proposition where the principal is never disclosed. *Fowler* v. *Bow. Savs. Bk.*, 113 N. Y. 450. Until judgment is rendered, it is a matter of evidence whether he has made his election or not (*Curtis* v. *Williamson, supra; Bolton Mines Co.'s case*, 82 Md. 50), but after judgment is obtained it is no longer a matter of evidence but a legal presumption which cannot be then rebutted (see cases above cited, especially *Curtis* v. *Williamson*, L. R., 10 Q. B. 57, and *Bolton Mines Co.'s case*.) In other words the law will not allow him to take the inconsistent position of saying that he did not sell the goods to the agent but to the principal, and obtaining judgment upon this ground to turn and say "I sold to the agent and not the principal."

Now when the Codd Co. discovered that it had been deal-

ing with the agent (Parker), of the Modified Milk Co., it could under the authorities sue either the agent or the principal at its election.    The Codd Company elected to sue the Milk Company, it sued it in the Circuit Court of Baltimore City, where an auditor's account was finally stated and ratified, it is true that no dividends were paid, but that fact has nothing to do with the case.    An auditor's account is the same as a final judgment.    *Pfeeff* v. *Jones*, 50 Md. 263; *Phelps on Equity*, sec. 73; *Contee* v. *Dawson*, 2 Bland, 264.    It is the final judgment and not satisfaction which constitutes a legal election.    *Bolton Mines Co.'s case, supra; Priestly* v. *Fernie, snpra; Fowler* v. *Bowery Sav. Bk., supra.*

Fowler, J., delivered the opinion of the Court.

This is a suit by the E. J. Codd Company of Baltimore City on an open account against Walter W. Parker.

The *narr.* contains the common counts and to it was annexed the affidavit required by the Practice Act of Baltimore City (New Charter, sec. 312).    The defendant pleaded the general issue pleas and after the demurrer to his third, which was a special plea, was sustained, he filed an additional plea to the effect that he acted as agent of the Modified and Sanitary Milk Company in purchasing the goods sued for and that the plaintiff had elected to sue that company for said goods and had recovered judgment against it therefor.    This plea was also demurred to, but the demurrer was overruled.    Upon the general issue pleas, therefore, and upon this additional plea the case was tried.

It appears that on the 26th March, 1902, a motion made by the plaintiff for judgment by default for want of sufficient affidavit to the pleas was overruled.    There was a judgment in favor of the defendant and this is the plaintiff's appeal.

At the trial below the plaintiff offered one prayer and the defendant two.    The defendant's second was the only prayer granted.    To this ruling the plaintiff excepted.    But inasmuch as the bill of exceptions was not signed within thirty days from the rendition of the verdict the questions thereby pre-

sented cannot be considered on this appeal.   This result however is of no importance because the questions presented by the exception are before us on the demurrer to the additional plea.

The two questions, therefore, which we are to consider are, first, was there error in overruling the plaintiff's motion for judgment on the ground that the affidavit to his pleas was defective ; and, second, was there any reversible error committed in overruling the demurrer to the additional plea.

1. If the first question can be said to be properly before us we think there can be no difficulty in its solution.   In the first place what is the language of the affidavit attached to the pleas?   It is "that every plea so pleaded by the defendant is true, and all of the plaintiff's alleged claim is disputed, and that the affiant believes the defendant will be able at the trial to produce sufficient evidence to support the said pleas and that he is advised by counsel to file the said pleas."   Following this affidavit is a certificate by counsel that he so advised the defendant making the oath.

The objection of the plaintiff to this affidavit is that although it alleges that the pleas are true; it fails to state not only what is due and owing, but it also omits to say that the defendant will be able at the trial to produce sufficient evidence to sustain the *part* disputed.   It is difficult, however, to understand how the defendant could make and swear to *such statements* when he disputes *the whole of the* plaintiff's claim.   The case of *Adler* v. *Crook*, 68 Md. 495, is conclusive upon this question, if any authority be needed.   In that case this Court was considering and construing the same provision which is now embodied in section 312 of the new charter of Baltimore City, namely, sec. 171 of the old charter as amended by the Act of 1886, ch. 184.   It provides that although the defendant, may have pleaded, unless such plea contains a good defense, and unless the defendant, or some one in his behalf, shall under oath   *   *   state that every plea so pleaded by the defendant is true, and shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing and the amount disputed, &c., the plaintiff shall be entitled to

judgment.   This section as now contained in the charter is an amendment of the Act of 1864, and the princpal addition it makes to that Act is the provision that the defendant "shall further state the amount of the plaintiff's demand, if anything, admitted to be due, and the amount disputed."   JUDGE STONE speaking for the Court says in the case just cited that the effect of this amendment is that "if the *whole claim* sworn to by the plaintiff *is disputed*, then it must be *distinctly stated* in his affidavit that *it is disputed.*"   This is precisely what the affidavit in this case does, and hence there was no error in overruling the motion of the defendant.   The other question arises upon the demurrer to the additional plea.

2. The question is whether having sued the principal and recovered judgment, the plaintiff can now sue the defendant who was the agent.

It was said in *Henderson* v. *Mayhew*, 2 Gill 408, that if the principal be not known at the time of sale, when he is discovered either he or the agent may be sued at the election of the vendor.   *Mayhew* v. *Graham*, 4 Gill, 363.   And the general principle appears to be established that where an agent contracts in his own name, without disclosing his interest, though in fact for the exclusive benefit of another person, who is afterwards discovered, the creditor may sue either, but after he has elected whom to sue and has sued either the agent or principal to *final judgment*, he cannot after that sue the other, whether the first suit has been successful or not.   *Poe Pl.*, sec. 378; *Priestly* v. *Fernie*, 3 Hurlstone & C. 977; *Curtis* v. *Williamson*, L. R., 10 Q. B. 57; *Fowler* v. *Bowery Sav. Bk.*, 113 N. Y. 450; *Loge* v. *Weinstein*, 35 Misc. Rep. 298.   There are exceptions to this general rule, but the facts here involved do not require us to consider them.

It was also suggested that the plea is bad, because it sets up an estoppel which cannot be specially pleaded, but evidence of which must be adduced under the general issue plea. While this may be said of estoppel *in pais* (*Poe Pl.*, sec. 696; *Alexander* v. *Walter*, 8 Gill, 247); yet it is equally true that where one party pleads a matter which he is estopped from

setting up as against his opponent by *reason of some adjudication* the opponent, without traversing such allegation and without confessing and avoiding it, may state the *special facts* constituting the estoppel, and plead that by reason of such estoppel, the opponent ought not to be permitted to set up the matter relied on in his pleading. *Poe Pl.*, sec. 696.

Thus in this case the plaintiff has in his *narr.* based his action on a sale of goods to the defendant, and the latter relies as a defense on the *adjudication* in the suit brought by the plaintiff against the defendant's principal for the same goods now sued for. This, according to the section of *Poe Pl.* just cited, should be specially pleaded. In addition to this the adjudication pleaded is an estoppel in *record.* But apart from this view, it seems to us that the special plea here demurred to was entirely proper, for the reason that even admitting that the facts it sets up as a defense may have been given in evidence under the general issue, yet, inasmuch as the plea, in effect, *admits* the sale of the goods on which the plaintiff relies in his *narr.*, but sets up the judgment recovered against his principal as a defense, it must be held good as a special plea. It confesses and avoids. *Keedy* v. *Long*, 71 Md. 388.

It follows the judgment must be affirmed.

*Judgment affirmed.*

(Decided June 29th, 1903.)