**NEW and USED AUTO SALES, Inc., a Corporation, Appellant,**

v.

**Bernard L. HANSEN, also known as Barney Hansen, and Suzanne Hansen, Appellees.**

**No. 15117.**

United States Court of Appeals
Ninth Circuit.

April 30, 1957.

Bell, Sanders & Tallman, Anchorage, Alaska, for appellant.

Burton Biss, Davis, Renfrew & Hughes, Anchorage, Alaska, for appellees.

Before BONE, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In an action for replevin of a car, where the complaint was the sole pleading, the court granted judgment for $607.35 against plaintiff and in favor of defendant on a motion for summary judgment. Possession of the automobile was directed to be turned over to defendants, and by subsequent order plaintiff was directed to pay defendants $50.00, as attorney fees. Plaintiff Sales, Inc., appeals upon the ground that such an issue had never been developed and that the record showed there were material questions of fact in dispute.

The record is very much confused. Sales, Inc., on December 9, 1955, filed a complaint to replevy a Pontiac automobile in the possession of the Hansens.

The Marshal took possession of the car upon the filing of the statutory affidavit. On December 20, 1955, no answer or other paper having been filed by them, the Hansens filed a motion for summary judgment, moving "the Court to enter Judgment for the defendant [Hansens] against the plaintiff [Sales, Inc.] in the amount of Six Hundred Seven and 35/100 Dollars ($607.35), plus interest and attorney's fees, and Order the automobile returned to the defendant."

Time was set for hearing of this motion thereby on December 23, 1955. Affidavits by both parties were filed, and the cause was argued on December 23 and 24, 1955. On January 6, 1956, the court entered a minute order granting motion for sumary judgment. This minute order directed counsel "to appear at a later date for testimony as to the accuracy of the statement of plaintiff." Findings of fact, conclusions of law and proposed judgment were prepared. These were signed and entered January 26, 1956. Sales, Inc., filed objections thereto with an affidavit of its attorney. Argument was held on January 31, 1956. The court overruled the objections. Sales, Inc., then filed a "Motion for New Trial and to set aside Judgment and to Strike." This motion was denied on February 3, 1956, and the court further ordered "that the plaintiff pay to the defendants the sum of Fifty Dollars ($50.-00) for attorney's fees herein."

■ The trial court here attempted to use summary judgment procedure to supply the place of pleadings and of trial. The efficiency of this device to eliminate from congested trial dockets cases in which there is no substantial dispute of fact is not denied, nor could it be. But this circumstance cannot be used as an excuse to hear and determine causes which are not before the court by pleading or otherwise.

The statute under which this judgment purports to be granted gives an independent cause of action for damages to the buyer who is injured by specific acts of the seller.[1] If the seller had not already brought the replevin action, the buyer would have been required to file a complaint setting up his claim for damages. Since the seller had already filed a complaint, it might have been possible, if the facts were entirely uncontroverted, to have had the court enter a judgment dismissing the complaint and for return of the car. The merits of this disposition will be discussed later. But the only manner in which the defendant could have affirmative relief would have been to have filed his claim therefor in the then pending action as a counterclaim.

There was no method whereby he could obtain affirmative relief otherwise. The attempt to grant relief which was not warranted by the allegations of the sole pleading on file was abortive. The language of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., makes it plain that this conclusion is correct:

"Summary Judgment

\* \* \* \* \* \*

"(b) *For Defending Party*. A party against whom a claim, counterclaim, or cross-claim is asserted \* \* \* may, at any time, move \* \* \* for a summary judgment in his favor as *to all or any part thereof*." (Emphasis supplied.)

Clearly, the defending party here, the Hansens, could only move for summary judgment as to all or any part of the claim contained in the complaint on file in the court. On the other hand, if Hansen wished to seek summary judgment for affirmative relief, he must necessarily have filed a pleading stating a claim either in an independent action or in the action commenced by the com-

---

1. "Recovery of damages by buyer after retaking goods. If the seller fails to comply with the provisions of Sections 18, 19, 20, 21 and 23 (§§ 29–2–18—29–2–21, 29–2–23 herein) after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest." A.C. L.A. § 29–2–25.

plaint of Sales, Inc. For the Rule in this regard provides:

"Rule 56. Summary Judgment

"(a) *For Claimant.* A party seeking to recover upon a claim, *counterclaim,* or cross-claim * * * may * * * move * * * for a summary judgment in his favor upon all or any part thereof." (Emphasis supplied.)

Here defendant moved for summary judgment upon what could only have been a counterclaim without even filing a pleading setting up that counterclaim as required by Rule 13(a). The summary judgment on the unfiled counterclaim was void.

Furthermore, Rule 56(c) provides in part:

"The motion shall be served at least 10 days before the time fixed for the hearing."

The irregularity of setting the motion for hearing only three days after its service is an aggravating factor to the failure to serve a counterclaim, but this circumstance might not alone be decisive. It emphasizes the fact that no regard was paid by the litigants to the very simple procedure prescribed by the Rules. Judgments should not be avoided on technicalities, but here Sales, Inc., was denied the right to trial by jury upon the complaint and the unfiled counterclaim.

■ In the summary judgment, the court does not recite that "there is no genuine issue as to any material fact," as the Rule requires, but instead recites that "there are no facts the determination of which turns on credibility." This recital alone is sufficient to vitiate the judgment.

■ Even on the counterclaim, there were genuine issues as to material facts.

According to the argument here, which is borne out by the record in the court below, there was a dispute as to how much the defendants had paid on the car. A check which had been turned over as a payment had been refused by the bank upon which it was drawn. Subsequently, an action was brought on this check, which had not yet been determined at the date of the summary judgment. Although no issue is here suggested which turns on credibility, it seems clear there are issues which could only be resolved by an accounting.

As to the unpleaded counterclaim, there are two issues of law upon which it appears the trial court would be required to pass. First, it must be determined whether the statute relied upon[2] applies where the taking was by an officer of a court, or only where the taking was by the conditional vendee himself. Second, it must be determined whether the statement of the balance due was a sufficient compliance with the statute.[3] This Court has no means of finding whether the trial court considered such questions of law. In view of the fact that this Court holds under the Rule that there was no basis for the summary judgment as to the supposed independent liability, no consideration will be here given to these questions of law except to say we believe them under appropriate facts determinative.

■ Since the complaint was in replevin, the only issues judiciable by summary judgment were three. These were (1) the existence of a valid conditional sales contract, by the terms of which, upon default of vendee, Sales, Inc., had the right to possession of the vehicle, (2) a default by Hansens, the vendee, which brought this right into existence, and (3) the damage suffered by Sales, Inc., by detention of the car by Hansens.

---

2. A.C.L.A. § 29-2-25.

3. " * * * Upon written demand delivered personally or by registered mail by the buyer, the seller shall furnish to the buyer a written statement of the sum due under the contract and the expense of retaking, keeping and storage. For failure to furnish such statement within a reasonable time after demand, the seller shall forfeit to the buyer ten dollars ($10) and also be liable to him for all damages suffered because of such failure * * *." A.C.L.A. § 29-2-18.

Hansens do not contest the truth of the complaint. Sales, Inc., did not ask summary judgment in its favor. Instead, Hansens rely upon collateral events claimed to have occurred subsequent to the filing of the complaint and to the possession of the automobile by the Marshal in the instant action pursuant to process therein. Hansens filed no answer or counterclaim to the complaint. If such a pleading had been filed, a motion for summary judgment might have been filed with that claim as a basis under the rules. If the claim of defendant was uncontested, then summary judgment could have been granted thereon. But the supposed failure of Sales, Inc., after seizure of the automobile by the Marshal in the action, to provide a statement in conformity with A.C.L.A. § 29-2-18, at best would give Hansens a right of action against Sales, Inc., entirely independent of the replevin action. Thus, such a claim would properly be introduced in this action by counterclaim. But no such pleading was filed.

The summary judgment is a very efficient device, and a great many unfounded cases may be disposed of by its use. The system of pleading envisioned by the federal rules is liberal in the extreme. But abuses of these liberal and efficient devices should not be tolerated. Here judgment was entered without benefit of trial. There is no precedent for the action taken in the instant case. If there were precedent, it would be disapproved.

The summary judgment is set aside and the cause reversed and remanded.

Reversed.