WHEATON LUMBER COMPANY, INC. *v.* METZ ET AL.

[No. 295, September Term, 1961.]

*Decided June 12, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*G. Richard Park,* with whom were *Miller & Miller* on the brief, for the appellant.

No brief and no appearance for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The plaintiff, Wheaton Lumber Co., Inc. (Wheaton) appeals from a judgment in favor of the appellees, Metz and Mood and Best Construction Company, a corporation, who are three of the four defendants in this suit.

The suit was for the price of lumber and other building materials sold by Wheaton in June and July, 1959. It was filed in June, 1960, and as originally filed contained two counts. The first alleged that the defendant, Rothman, had purchased goods from Wheaton and that they were delivered to him and accepted by him in accordance with an itemized statement

attached to the declaration and incorporated by reference in this count. The second count alleged that the defendants Metz and Mood, trading as Best Window Company, individually and through their authorized agent, Rothman, purchased goods from the plaintiff in accordance with the itemized statement attached to the declaration and incorporated by reference in the second count. The itemized statement was made out to "Best Window Co. of Maryland." Attached to the declaration was a motion for summary judgment, a notice to the defendants, the itemized statement above referred to and an affidavit in support of the motion. Rothman was duly summoned, but did not plead or answer, and after default Wheaton obtained an order for judgment against him on November 2, 1960, for the full amount of its claim, plus interest and costs. Metz and Mood were summoned to the August return day, but there apparently was no effort to have judgment entered against them when judgment was obtained against Rothman. On November 7, 1960, Metz and Mood filed the general issue pleas and a plea denying Rothman's agency for them and any ratification of his act.

Thereafter Wheaton took the depositions of Metz and Mood in February, 1961, and of Rothman in April, 1961. In May, 1961, Wheaton sought and obtained leave to file an amended declaration joining Best Construction Company, a corporation, as a defendant. This application was based upon statements in the Metz and Mood depositions to the effect that the business of Best Window Company had been transferred to Best Construction Company during the time when the bills on which the suit was brought (as shown by the itemized statement filed) had been incurred. The amended declaration repeated counts 1 and 2 of the original declaration and added a third, similar to the second, but alleging that the purchases had been made by Best Construction Company through its duly authorized agents, Metz, Mood and Rothman. This corporation (which was summoned in May) filed the general issue pleas on November 15, 1961. The case was set for trial on November 16, 1961, and witnesses were summoned for that date.

On the day of trial the defendants-appellees filed a motion for summary judgment which was then served on the plain-

tiff's counsel. The motion was based "on the ground that the pleadings and record of judgment against Harold Rothman in this case show that there is no genuine dispute as to any material fact and that [these] Defendants * * * are entitled to judgment as a matter of law." The appellant's brief informs us that protests were made against this "11th hour move" and the plaintiff's counsel adverted frequently to his "lack of opportunity to prepare for the hearing or research adequately the points involved," but the trial judge refused additional time, allowed counsel for the plaintiff a few minutes to read the cases cited by the defendants' attorney, and granted the motion. Maryland Rule 610 c. 2 (1958 Ed., unchanged in 1961 Ed. effective January 1, 1962) provides for hearing upon not less than ten days' notice. It appears that this requirement was not waived and it is evident that it was not complied with. Cf. *Frush v. Brooks,* 204 Md. 315, 322, 104 A. 2d 624.

We cannot approve this disregard of the ten days' notice requirement of the Rule, but in view of the appellant's concession in this Court that a reversal on this ground alone would be futile if the appellant could not succeed in any event, we shall not base our decision on that ground. We may, however, observe that the result might well have been the opposite of that reached in the trial court if the plaintiff had been allowed the time and opportunity to prepare for argument of the motion and so to point out that the rule of law urged by the appellee and adopted by the trial court would not be applicable to the facts as indicated by the pleadings and inferences which might be deducible therefrom. Cf. *White v. Friel,* 210 Md. 274, 285, 123 A. 2d 303. Here, as there, the facts themselves are uncertain, and a summary judgment was therefore not appropriate. As to the effect of failure to give the prescribed notice, compare generally, *Frush v. Brooks,* supra; *H. J. Heinz Co. v. Beech-Nut Life Savers, Inc.,* 181 F. Supp. 452 (S.D. N.Y. 1960) with *Sequoia Union High School Dist. v. United States,* 245 F. 2d 227 (9th Cir. 1957); *New and Used Auto Sales, Inc. v. Hansen,* 245 F. 2d 951 (9th Cir. 1957); *Bowdidge v. Lehman,* 252 F. 2d 366, 368-69 (6th Cir. 1958).

The decision of the trial court appears to have rested upon

the rule, which the appellant advises us was the ground urged by the appellees, that if a creditor deals with an agent for an undisclosed principal, who contracts in his own name, without disclosing his interest, though he is acting exclusively for the benefit of a third person, and, if the creditor after discovering the principal, pursues a suit against either to final judgment, the other is discharged. *E. J. Codd Co. v. Parker,* 97 Md. 319, 325, 55 A. 623; *Hospelhorn v. Poe,* 174 Md. 242, 258-60, 198 A. 582; 1 Poe, *Pleading and Practice* (1925 Ed.) § 378. Substantially the rule of the *Codd* case, when judgment is obtained against the agent, is stated in the Restatement, *Agency,* Second, § 210, as follows:

"Judgment for or Against Agent.

(1) An undisclosed principal is discharged from liability upon a contract if, with knowledge of the identity of the principal, the other party recovers judgment against the agent who made the contract, for breach of the contract.

(2) The principal is not discharged by a recovery of judgment against the agent by the other party before knowledge of the identity of the principal."

If this is a case of an undisclosed principal, § 210(1) would apply here, at least as to Metz and Mood. The appellant, however, contends that the rule above stated applies only to undisclosed principal situations, and that it cannot form the basis for a summary judgment here. We agree. The account stated, which was attached to the declaration, was in the name of the Best Window Company. Metz and Mood were trading under that name and the plaintiff, as indicated by the declaration, had information to that effect. Rothman did not, so far as the account shows, contract in his own name. If the new corporation, Best Construction Co., were the purchaser and an undisclosed principal, it seems evident from the pleadings that Wheaton did not know this at the time when it took judgment against Rothman. Hence, the condition stated in the Restatement, *op. cit. supra,* § 210 (2) and in *Codd v. Parker* and *Hospelhorn v. Poe,* both *supra,* was lacking as against the

Corporation. On the other hand, if Metz and Mood were the purchasers, they appear to have been at least partially disclosed principals, and, for reasons stated below, the rule of the cases cited and of § 210 (1) of the Restatement, *Agency, Second,* would not be applicable. The ultimate facts are uncertain and we think that no sufficient facts were established by the pleadings and judgment against Rothman as to support a summary judgment for the other defendants, the appellees.

Restatement, *Agency, Second,* § 184 thus states the applicable rule when the principal is disclosed or partially disclosed:

> "Judgment for or Against Agent.
>
> (1) Recovery of judgment against the agent of a disclosed or partially disclosed principal for failure of performance of a contract to which the agent is a party does not thereby discharge the principal unless the agent and principal were joint contractors."

The commentary to § 184 explains the rule as follows:

> "*a.* The rule stated in this Subsection is not in accord with the rule stated in Section 210 dealing with the undisclosed principal. The cases holding that a person who gets judgment against the agent before discovery of the identity of the undisclosed principal cannot later get judgment against the principal, proceed upon the theory that this act indicates conclusively an election to hold the agent rather than the principal. *But there is no room for a doctrine of election in the case of the disclosed or partially disclosed principal. In this case, the third person has a contract with the principal unless he chooses the sole responsibility of the agent at the time of making the contract. If he so elects, he cannot later hold the principal. If he does not so elect and if the agent is a party to the contract together with the principal, he does not have alternative contracts, as may be the result in the case of the undisclosed principal, but either a joint contract with the agent and principal or a separate contract with each.*" (Italics ours.)

84

\* \* \* \*

"*c*. If the principal's identity is known, the agent normally is not a party to the contract \* \* \* If the agent becomes a party to the transaction, ordinarily he becomes a surety for the principal. He may or may not be liable as a joint contractor. If the agent is separately liable, the other party has two separate causes of action although based on the same claim, and only the satisfaction of the judgment against the agent terminates the liability of the principal."

There are, apparently, no cases precisely supporting § 184. Cf. *Coughlin v. Blair,* 41 Cal. 2d 578, 262 P. 2d 305, 310, which cited and followed § 184, but did not present the same situation which is before us.[1] In the A. L. I. Tentative Draft No. 4, Restatement, *Agency* (1929), the above rule was numbered § 408, and the commentary stated flatly that "[t]here are no cases upon the subject." *Id.* at 25. See also Seavey, *Studies in Agency,* 209-10 (1949) suggesting that there are no cases in point but that there are contrary *dicta.* Cf. *Balt. & O. Tel. Co. of Baltimore County v. Interstate Tel. Co.,* 54 F. 50 (C. C. A. 4th) which was decided on another ground, explicitly leaving the question open. The appellant cites *Maple v. Cincinnati H. & D. R. Co.,* 40 Ohio St. 313, in support of the rule. The *Maple* case was a suit to recover shipping overcharges accomplished, allegedly, through fraudulent addition to the weight of items shipped by the plaintiff on the defendant's railway. The plaintiff had previously recovered judgment against the agent. The court distinguished cases involving "suits upon contracts so made by the agent that the contractee might elect whether the agent, or the principal, should be considered the party with whom he had a contract [in which] the courts held, that, having carried the election as far as a judgment, the creditor had fixed the

---

1. It was there held that the plaintiffs were not forced to an election, but could hold both the agent and the partly disclosed principal. It was not a case in which judgment had been obtained against one of them. Other cases cited in the Appendix to Restatement, *Agency,* Second, are not at all in point here.

contract, and the parties thereto, permanently." 40 Ohio St. at 317. The cases distinguished represent undisclosed principal situations. The court held that, in the case of the agent's fraud, nothing but satisfaction would bar the suit against the principal. Thus, although *Maple* cannot be said to announce the rule of the Restatement, *op. cit. supra* § 184, it is consistent therewith. (Cf. *North Carolina Lumber Co. v. Spear Motor Co.,* 192 N. C. 377, holding that a default judgment obtained against an agent *after* discovery of an *undisclosed principal* does not bar a subsequent suit against the undisclosed principal.) We think the Restatement, *op. cit., supra,* § 184 expresses the correct rule as to the case of a disclosed or partly disclosed principal for the reasons stated in the comments thereto, quoted above, with the exception that since Code (1957), Art. 50, § 6, has changed the common law (see *Westheimer v. Craig,* 76 Md. 399, 25 A. 419), the qualification in § 184 (1) "unless the agent and principal were joint contractors" does not apply in this State. The absence of cases upon the point does not, we think, suggest a contrary rule—we find no cases either way. The question, no doubt, rarely arises because it is in fact such a plain proposition. As Mechem says, "[i]t is scarcely necessary to mention that there may be cases in which the agent will have such an interest of his own, together with his principal, that the principal and the agent may both be bound on the contract. And even though the agent may have no personal interest in the transaction, no reason is apparent why in binding a *disclosed* principal he may not bind himself jointly with that principal. It is, however, difficult to see, how he can bind himself jointly with an *undisclosed* principal." (Italics ours.) 1 Mechem, *Agency,* (2 Ed. 1914) § 1426. See also Ferson, *Principles of Agency,* § 283.

It seems fairly clear from the pleadings and the statement attached to the declaration that "Best Window Company" was a disclosed or a partly disclosed principal at the time when the lumber and other materials were being sold and the contract entered into. The second count suggests that it was a joint venture or partnership conducted by Metz and Mood. The first count indicates that the plaintiff then thought that Rothman was acting for Best Window Company and was in some way

personally liable for the purchases. Among Rothman, Metz and Mood, and the Best Construction Company, or some of them with Rothman, there may be several liability. Cf. Restatement, *Contracts,* § 113. Or there may be a joint, or a joint and several liability. See Restatement, *Contracts,* §§ 111, 112, 114; Mechem, *op. cit., supra,* §§ 1419-26; Ferson, *op. cit., supra,* § 283. The appellant also suggests that the depositions provided a basis for suggesting a partnership or joint venture relationship, but since they apparently were not offered for consideration in the argument on the motion for summary judgment, we shall not go into them. As we have said, the pleadings, as they stand, open the possibility of supporting proof of several, joint, or joint and several liability. That being the case, whether the principal and agent relation was disclosed or undisclosed would have presented a dispute about a material issue of fact —for in one case recovery would be possible; in the other election would bar the suit. Accordingly, the summary judgment was erroneously entered and the judgment must be reversed and the case remanded.

Two other matters seem to merit brief comment.

First, the appellees rely on something which occurred after the filing of the declaration. This should have been, but was not, pleaded specially. Maryland Rule 342 c 1 (e); Poe, *op. cit., supra,* § 621.

Second, the appellant's motion to strike out the enrolled judgment which it had obtained against Rothman more than a year before the motion was filed appears unprecedented and no authority is cited for it. Even if we were to assume that Rule 625 may be invoked by a party in whose favor an enrolled judgment has been entered (a question which we do not decide), we should find no error in the denial of the motion. Apart from every other consideration, the plaintiff proceeded with anything but diligence. The depositions upon which it bases its contention that it made a mistake in believing Rothman liable to it were taken more than six months before this motion was filed, and we find it difficult to believe that this motion was not inspired by the fatal effect which had just been ascribed to that judgment as regards the appellant's claims against the appellees. Lack of diligence was stated to

be one bar to seeking to strike out an enrolled judgment in *Tasea Investment Corp. v. Dale*, 222 Md. 474, at 479, 160 A. 2d 920. If the plaintiff is now suffering qualms of conscience or remorse, there would seem to be nothing to bar a voluntary release of the judgment.

In view of our holding that the summary judgment was improperly granted and that it must be reversed we need not discuss the appellant's motion for reconsideration, which was denied.

> *Judgment reversed and case remanded for further proceedings not inconsistent with the opinion of this Court herein; the costs of this appeal to be paid by the appellees.*