62 F.3d 1430
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FLOWDATA, INC., Plaintiff-Appellee,
v.
Galen M. COTTON, Defendant-Appellant.
 No. 95-1013.
 United States Court of Appeals, Federal Circuit.
 June 5, 1995.
 
 Before ARCHER, Chief Judge, CLEVENGER and SCHALL, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Galen M. Cotton appeals from the July 22, 1994 order of the United States District Court for the Southern District of Texas granting Flowdata, Inc.'s motion for summary judgment that, based on issue preclusion, Cotton was bound personally by the final judgment in a previous case holding a company with which he was closely associated liable for infringement, willful infringement, and unfair competition. We reverse.
 
 
 2
 * Cotton is the president of Additive Controls & Measuring Systems, Inc. (Adcon). Adcon and Flowdata sell meters for measuring the flow of liquids into larger volumes of gasoline or other liquids. In 1990, Adcon sued Flowdata in a Texas state court, charging Flowdata with interfering with Adcon's business operations by allegedly telling Adcon's customers that Adcon was infringing Flowdata's U.S. Patent No. 4,815,318 (the '318 patent). Flowdata removed the case to Federal court, and counterclaimed infringement of '318. See Additive Controls & Measuring Sys. v. Flowdata, Inc., 986 F.2d 476 (Fed.Cir.1993). In this "Adcon case", Flowdata also alleged willful infringement, unfair competition, and demanded a reasonable royalty, enhanced damages, and attorneys' fees. Flowdata belatedly added Cotton to the Adcon case, but Cotton was dismissed without prejudice before trial.
 
 
 3
 Adcon did not challenge the issues of patent validity and infringement, after which the remaining issues were tried before the bench. After Flowdata won on each of the remaining issues, the district court issued an injunction and awarded damages for unfair competition, enhanced damages for willful infringement, costs and attorneys' fees, and pre- and post-judgment interest.
 
 
 4
 Subsequently, Flowdata sued Cotton personally for infringing the '318 patent, essentially seeking to hold Cotton liable for Adcon's infringement. Cotton counterclaimed for noninfringement, invalidity, and unenforceability. The district court entered final judgment in favor of Flowdata after granting Flowdata's motion for summary judgment based upon issue preclusion. The district court found each of the Findings of Fact and Conclusions of Law of the Adcon case, including those related to unfair competition, fully binding upon Cotton. The court also imposed the same Adcon case monetary damages against Cotton personally.
 
 
 5
 Cotton appeals, asserting that issue preclusion cannot be used to apply the previous holding of patent infringement and validity (and the associated damages) against him, because those issues were not actually litigated in the Adcon case. Moreover, Cotton alleges that the unfair competition determination from the Adcon case cannot be applied against him because Flowdata failed to plead unfair competition in the suit against him.
 
 II
 
 6
 We review a grant of summary judgment de novo. Intellicall, Inc., v. Phonometrics, Inc., 952 F.2d 1384, 21 USPQ2d 1383 (Fed.Cir.1992).
 
 
 7
 Fifth Circuit law controls our application of issue preclusion, a particular application of res judicata, in this case. See Epic Metals Corp. v. H.H. Robertson Co., 870 F.2d 1574, 1576, 10 USPQ2d 1296, 1298-99 (Fed.Cir.), cert. denied, 493 U.S. 855 (1989). The Fifth Circuit recognizes three requirements for the application of issue preclusion: (1) the issue to be precluded must be identical to that involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination made of the issue in the prior action must have been necessary to the resulting judgment. In re Davis, 3 F.3d 113, 114 (5th Cir.1993).
 
 
 8
 Regarding the "actually litigated" requirement of Davis, the RESTATEMENT (SECOND) OF JUDGMENTS Sec. 27(e) (1980) explains that:
 
 
 9
 An issue is not actually litigated ... if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties. A stipulation may, however, be binding in a subsequent action between the parties if the parties have manifested an intention to that effect.
 
 
 10
 The Judge in the Adcon case, in her Findings of Fact and Conclusions of Law, recognized that:
 
 
 11
 Reading the pretrial order narrowly the Court found that the patent was admittedly valid and admittedly infringed. The only issues that were tried were[:] (1) Adcon's claim of business disparagement that it styled as a claim for unfair competition; and (2) Flowdata's claims of willful infringement, unfair competition, reasonable royalty, enhanced damages, and attorney's fees.
 
 
 12
 From this, we conclude that the issues of infringement and validity were never actually litigated on the merits in the Adcon case. Moreover, the record suggests that Adcon never intended to surrender its noninfringement and validity defenses, and did not intend to be bound in a subsequent action. See Anderson, Clayton & Co. v. United States, 562 F.2d 972, 992 (5th Cir.1977) (for the purposes of collateral estoppel, a party who concedes or stipulates an issue is not bound in a subsequent case unless it is clear that the parties so intended).
 
 
 13
 In the Cotton case, the district court by-passed the RESTATEMENT'S section 27, and turned instead to the RESTATEMENT'S section 59, which applies issue preclusion to the owner of a close corporation when the corporation is deemed the alter ego of the owner, or where the owner participated actively in a previous action on behalf of his close corporation. The district court erred in this regard, however, because the Introductory Note to section 59's chapter (chapter 4) incorporates, inter alia, section 27 by expressly stating that the rules in chapter 4 contemplate the issue preclusive effects of section 27. In other words, the requirements of section 27 must be met before section 59 may be applied. Thus, because the issues of infringement and validity were not "actually litigated" as required by section 27, section 59 should not have been applied in Cotton's case.
 
 
 14
 Similarly, because the issues of infringement and validity were not actually litigated in the Adcon case as required by Davis, we conclude that the district court erred in applying the findings of infringement and validity of the Adcon case to Cotton. See also United States v. Shanbaum, 10 F.3d 305, 311 (5th Cir.1994) (issue preclusion appropriate only when, inter alia, the issue is fully and vigorously litigated in the prior action). In a nutshell, since Adcon is not issue-precluded on the infringement issue in the Adcon case, Cotton cannot be held to a judgment on an issue that is still open for adjudication. In addition, no preclusive infringement judgment is available upon which to tax Cotton under 35 U.S.C. Sec. 271(a) (1988) as a joint tortfeasor. Accordingly, because there can be no preclusive effect with respect to infringement and validity of the Adcon case in the proceeding against Cotton, we reverse the summary judgment of infringement. Cotton deserves his day in court.
 
 III
 
 15
 The district court, also relying on issue preclusion, applied the Adcon case's fully litigated unfair competition judgment against Cotton. Cotton argues, however, that Flowdata failed to plead unfair competition in the instant action, and thus cannot prevail in this regard. We agree.
 
 
 16
 Flowdata's initial complaint against Cotton alleged only infringement and willful infringement. No charge whatsoever of unfair competition was made in the initial complaint. Later, Flowdata moved to amend its complaint. In doing so, Flowdata represented that the amended complaint would "not add any additional causes of action" to the case. Yet, Flowdata now argues that their assertion in the amended complaint that, e.g., "[t]he issues raised in the Adcon Case are the same as those raised in the present case," constitutes a pleading of unfair competition.
 
 
 17
 But even following Flowdata's amended complaint, the joint pretrial order characterized the case as "a patent infringement case," and addressed unfair competition only in the context of the Adcon judgment, saying, e.g., "Cotton is personally liable for the judgment rendered in the Adcon case because he performed all of the acts set forth in the Findings of Fact and Conclusions of Law in the Adcon case." Indeed, Cotton notes correctly that unfair competition, as an independent issue, surfaced for the first time in Flowdata's Proposed Final Judgment, to which Cotton objected.
 
 
 18
 "All pleadings shall be so construed as to do substantial justice." Conley v. Gibson, 355 U.S. 41, 48 (1957) (quoting FED.R.CIV.P. 8(f)). The Rules of Civil Procedure require a claimant to set out "a short and plain statement" of the claim that will provide the defendant with fair notice of the claim and the grounds for its support. Id.; FED.R.CIV.P. 8(a). We find Flowdata's references to the issues and judgment rendered in the Adcon case too vague to constitute a pleading of unfair competition in the action against Cotton. There is simply no short plain statement alleging unfair competition in the amended complaint. Moreover, there is no clear allegation of unfair competition in either the joint pretrial order, or in Flowdata's motion for summary judgment.
 
 
 19
 It is elementary that proper pleadings are a prerequisite to recovery. Furthermore, summary judgment cannot be used to determine causes that are not before the court by pleading or otherwise. See, e.g., Atlas Chemical Indus. v. Moraine Prods., 509 F.2d 1, 184 USPQ 281 (6th Cir.1974); New & Used Auto Sales v. Hansen, 245 F.2d 951 (9th Cir.1957). Indeed, Rule 56 of the Federal Rules of Civil Procedure states that a party seeking to recover upon a claim may move for summary judgment in its favor. FED.R.CIV.P. 56(a). Here, the district court erred in awarding Flowdata damages for unfair competition even though Flowdata had failed to plead that issue.
 
 
 20
 Accordingly, paragraphs (1), (2), (3), (5) and (6) of the July 21, 1994 summary judgment--the paragraphs dealing with the patent infringement and unfair competition issues--are reversed. Paragraph (4)--dealing with the dismissal of Cotton's counterclaims--is unaffected by our decision since Cotton does not appeal from the dismissal of his counterclaims. For the foregoing reasons, we reverse the summary judgment and remand the case to the district court for further proceedings.
 
 
 21
 No costs.